1 F.3d 1250
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dyron Levonza McCLENNON, Defendant-Appellant.
 No. 92-1049.
 United States Court of Appeals, Tenth Circuit.
 June 11, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Dyron Levonza McClennon appeals his conviction and sentence for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(1)(D). He maintains that the jury was incorrectly instructed, that he received ineffective assistance of counsel, and that the district court improperly considered a constitutionally invalid prior conviction in calculating his criminal history under the sentencing guidelines.
 
 
 3
 Defendant was charged with being a felon in possession of a firearm after coming to the assistance of his brother-in-law, Ahmad Meeks, during a fight. Apparently Meeks was approached by several gang members in the parking lot of his apartment building. When it became clear to Meeks that the conversation was the prelude to an attack, he yelled up to his apartment, where defendant was visiting, for defendant to bring him a weapon. Defendant came downstairs with a gun from the apartment, and a fight ensued. Several minutes later the police arrived and defendant and Meeks were among those arrested.
 
 
 4
 * Defendant argues that the jury was incorrectly instructed regarding the standard required for establishing the defense of another person. "When we examine a challenge to jury instructions, we review the record as a whole to determine whether the instructions state the law that governs and provide the jury with an ample understanding of the issues and the standards applicable." Shute v. Moon Lake Electric Assoc. Inc., 899 F.2d 999, 1004 (10th Cir.1990). "The court need not follow the exact language of a defense instruction as long as the court's instructions correctly state the law and fairly and adequately cover the issues presented." United States v. Fox, 902 F.2d 1508, 1516 (10th Cir.1990).
 
 
 5
 The district court instructed the jury that defendant's possession of a firearm would be excused if "[t]here was an unlawful and present, imminent and impending threat of such a nature as to induce a well-founded apprehension of imminent death or serious bodily injury to another person at the moment of possession." The district court went on to instruct that "[t]he fact that Mr. McClennon may have been wrong in estimating the danger to Mr. Meeks does not matter so long as there was a reasonable well-founded basis for what the defendant believed and he acted reasonably under the circumstances as they existed at the time." Defense counsel tendered an instruction providing that defendant had to have "reasonably believed" that his actions were necessary to protect Meeks, and that defendant's miscalculation of the danger to Meeks would not matter as long as there was a "reasonable basis" for his belief. Defendant maintains that the court's use of the term "well-founded" impermissibly introduces an objective test of defendant's frame of mind which the term "reasonable" does not.
 
 
 6
 The district court's instructions on defense of another person follow our decision in United States v. Vigil, 743 F.2d 751 (10th Cir.1984). There we stated that a defendant claiming a justification defense must show a threat "of such a nature as to induce a well-grounded apprehension of death or serious bodily injury." Id. at 755. The rest of our discussion in Vigil indicates that the terms "reasonable" and "well-grounded" are roughly synonymous. See id. at 755-56 (defendant must have had no "reasonable" alternative to violating the law). Similarly, we see no appreciable difference between well-foundedness and reasonableness in this case. The jury instructions stated that even if defendant's assessment of the risk to Meeks was wrong, defendant could still claim defense of another if his perceptions were within normal bounds. The instructions, viewed as a whole, stated the law correctly and adequately presented the issues.
 
 II
 
 7
 Defendant's next argument is that in calculating his criminal history the district court improperly considered a juvenile conviction for which defendant was unrepresented by counsel. Defendant alleges for the first time on appeal that his presentence report incorrectly stated that he "knowingly waived his right to counsel" at the time of that conviction. Because defendant failed to object to the presentence report at sentencing, we will consider the merits of his claim only if it constitutes plain error. United States v. Saucedo, 950 F.2d 1508, 1511 (10th Cir.1991). Although "[a] factual dispute concerning the applicability of a particular guideline, not brought to the attention of the district court, does not rise to the level of plain error," id. at 1518, "basing a sentence on the wrong guideline range constitutes fundamental error affecting substantial rights within the meaning of Rule 52(b). United States v. Herndon, 982 F.2d 1411, 1419 (10th Cir.1992). Thus, despite the fact that defendant's allegations concern a factual dispute over the validity of his juvenile conviction, we will review for plain error because a potentially erroneous criminal history calculation would result in the application of the wrong guideline range.
 
 
 8
 Defendant contends that the statement in his presentence report claiming that he knowingly waived counsel and appeared pro se in his juvenile proceeding is in error. If the juvenile conviction was constitutionally invalid, it cannot be considered part of his criminal history for sentencing guideline purposes. Notwithstanding this possibility, the essence of review for plain error is that the error be plain. The district court's reliance on the presentence report's representation of defendant's knowing waiver of the right to counsel was not misplaced. Including this material in the presentence report "cloaked the stated fact with a sufficient indicium of reliability to support its accuracy and warrant reliance by the sentencing court." United States v. Dietz, 950 F.2d 50, 55 (1st Cir.1991); see also U.S.S.G. Sec. 6A1.3(a). In the face of a heretofore unchallenged presentence report, defendant's unsubstantiated allegation of a constitutional violation cannot constitute plain error.
 
 III
 
 9
 Finally, defendant claims that his trial counsel's failure to object to the inclusion of his uncounseled juvenile conviction as part of his criminal history constitutes ineffective assistance of counsel. We review this issue de novo. United States v. Rhodes, 913 F.2d 839, 844 (10th Cir.1990).
 
 
 10
 Under Strickland v. Washington, 466 U.S. 668 (1984), assistance of counsel is ineffective when counsel's performance fails to meet an objective standard of reasonableness and when this error had an effect on the result of the proceeding. Id. at 690-92. Application Note 6 to U.S.S.G. Sec. 4A1.2 provides, however, "sentences resulting from convictions that a defendant shows to have been previously ruled constitutionally invalid are not to be counted [in computing criminal history]. Nonetheless, the criminal conduct underlying any conviction that is not counted in the criminal history score may be considered pursuant to Sec. 4A1.3 (Adequacy of Criminal History Category)." If the defendant cannot supply a ruling demonstrating the invalidity of a prior conviction, it is up to the court to determine whether defendant can mount a collateral attack on the prior conviction at sentencing. United States v. Jakobetz, 955 F.2d 786, 805 (2d Cir.1992). Furthermore, even if defendant's counsel had successfully shown below that the juvenile conviction was constitutionally invalid, it would still have been within the discretion of the district court to impose a sentence reflecting the seriousness of defendant's past criminal conduct. Because defendant cannot demonstrate that his counsel's failure to challenge the validity of his juvenile conviction at sentencing was prejudicial, his claim of ineffective assistance of counsel must fall.
 
 
 11
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3