**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gregory MITCHELL, Defendant–Appellant.**

**No. 92–3903.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 5, 1993.

Decided Feb. 23, 1994.

Rehearing Denied May 3, 1994.

Barry R. Elden, Asst. U.S. Atty., Crim. Receiving, Appellate Div., Gregory T. Mitchell (argued), Office of U.S. Atty., Chicago, IL, for plaintiff-appellee.

Standish E. Willis, Chicago, IL (argued), for defendant-appellant.

Before COFFEY, FLAUM, and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

In this case Gregory Mitchell ("Defendant") originally entered a plea of guilty to the charges of conspiracy to distribute cocaine, 21 U.S.C. § 846, and agreed to be sentenced as a "career offender" as defined in the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. However, at the sentencing hearing Defendant changed his mind, disputing his career offender status on the ground that his December 1984 heroin conviction was an invalid violation of his constitutional rights. The district court disagreed and found Defendant to be a career offender. With a total offense level of 34 and a category VI criminal history, the district court sentenced Defendant to a total of 262 months imprisonment. Defendant here appeals this sentence arguing, as he did to the district court, that his December 1984 conviction should not be counted towards his criminal history category on the ground that it rested on a constitutionally invalid plea. We dis-

agree with Defendant and affirm the district court.

## I. Background

On March 5, 1992, pursuant to a plea agreement, Defendant pled guilty to conspiracy to distribute cocaine. *See* 21 U.S.C. §§ 846. In the March 1992 plea agreement Defendant specifically acknowledged that he was an active participant in the conspiracy to distribute cocaine and that as part of the conspiracy he had conducted seven different cocaine transactions, between March 17, 1990 and April 10, 1990, with co-defendants Valerie Mays, Linda Mitchell, and Anthony Fort. Additionally, Defendant stipulated that for Sentencing Guidelines purposes, he had six prior convictions, including both a May 1984 bench trial conviction and a 1984 guilty plea. In his March 1992 plea agreement Defendant stipulated that, given his prior convictions, he qualifies as a career offender under U.S.S.G. § 4B1.1 with a category VI criminal history. In consideration of this plea the district court sentenced Defendant to 262 months of incarceration.

On June 4, 1992, Defendant filed a motion with the district court challenging his status as a career offender. In this motion Defendant claimed that his sentence should not be enhanced as a career offender because the record of his 1984 plea failed to demonstrate that the plea was sufficiently intelligent and voluntary and that an adequate basis in fact supported the state court's acceptance of that plea.

On November 10, 1992, the district court rejected Defendant's challenge to the validity of his 1984 guilty plea. First, the district court held that an adequate factual basis existed to substantiate the 1984 plea. Second, the district court found that the trial judge fulfilled the constitutional requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and that Defendant's 1984 plea was entered intelligently and voluntarily. Thus, the district court rejected Defendant's claims of error and denied his motion for reconsideration. The district court continued with the sentencing hearing wherein Defendant's counsel noted that he found no inaccuracies in the

Presentence Investigation ("PSI"). Defendant was sentenced to 262 months of imprisonment, the minimum applicable term under the guidelines. Defendant appeals this sentence with the same constitutional argument that he used before in the district court. We affirm.

## II. Analysis

In this appeal, Defendant argues the following points: (A) that a "collateral attack"[1] against an allegedly invalid prior conviction should be permitted at a defendant's sentencing hearing, and (B) such an attack would reveal constitutional infirmities in Defendant's 1984 conviction, thus forbidding its use to enhance his recent sentence. We shall address these arguments serially.

### A. Collateral Attack

 Defendant first argues that, as a general matter, at his recent sentencing hearing he should have been permitted to attack his 1984 conviction. In this respect, Defendant argues that: (1) the 1992 Guidelines direct federal district courts to determine for themselves if and when to permit collateral attacks on prior convictions, and (2) the sentencing hearing is a proper forum to entertain such collateral attacks. We disagree. Outside of narrow circumstances,[2] we hold

1. Defendant is not asking a federal court to vacate his prior state conviction, but merely, when determining his sentence, to disregard the fact that he has a prior conviction. Thus, Defendant uses the term "collateral attack," as does the Sentencing Commission, in a non-traditional fashion. We will, however, accept this terminology for the purposes of this opinion because it parallels the language used in the Guidelines to describe this type of circumstance. *See* U.S.S.G. § 4A1.2 (Nov.1992).

2. *See* discussion of *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) and *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) *infra*, pp. 1360-61.

3. The First, Fourth, Sixth, Eighth, and Eleventh Circuits have all held, with varying rationales, that a district court is prohibited by the Guidelines from examining the validity of a prior state conviction unless that conviction is "presumptively void." *See e.g., United States v. Elliott*, 992 F.2d 853, 856 (8th Cir.1993) (disagreeing with courts that treat the issue as wholly discretionary; holding that Application Note Six means that no collateral challenge is permissible except

that sentencing hearings are not the appropriate forum to examine the validity of prior convictions even though such convictions may be used to enhance a present sentence.

### 1. Sentencing Guidelines

The Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3586, through the Sentencing Guidelines, 28 U.S.C. § 991 (1985), instructs district courts to consider an offender's criminal history. Section 4A1.2 of the Guidelines specifies which convictions can be included in a defendant's criminal history score, but is silent as to a sentencing court's duty or authority to critically examine the validity of such convictions. However, Application Note Six and a background comment to the recent versions of the Guidelines do make reference to this issue. The 1990-92 Sentencing Guidelines, Application Note Six, reads: "[s]entences resulting from convictions that a defendant shows to have been *previously* ruled constitutionally invalid are not to be counted." U.S.S.G. § 4A1.2 (Nov. 1992) (emphasis supplied). Supplementing Application Note Six, the Background comment reads: "[t]he Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction." *Id.* Some courts have concluded that the above directives are incompatible.[3]

when the Constitution requires that a collateral attack at sentencing be permitted); *see also United States v. McGlocklin*, 8 F.3d 1037 (6th Cir. 1993) (*en banc*) (plurality decision; five separate opinions); *United States v. Byrd*, 995 F.2d 536 (4th Cir.1993); *United States v. Elliott*, 992 F.2d 853 (8th Cir.1993), *pet'n. for cert. filed*, (Aug. 9, 1993); *United States v. Roman*, 989 F.2d 1117 (11th Cir.1993) (*en banc*); *United States v. Custis*, 988 F.2d 1355 (4th Cir.1993), *cert. granted*, — U.S. —, 114 S.Ct. 299, 126 L.Ed.2d 248 (1993); *United States v. Paleo*, 967 F.2d 7 (1st Cir.1992).

By contrast, the Second, Third, Fifth and Tenth Circuits all have held that it is within a district court's discretion, apparently without limitation, to entertain a Defendant's collateral attack on prior convictions used at sentencing for enhancement purposes. *See United States v. Jakobetz*, 955 F.2d 786, 805 (2d Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 104, 121 L.Ed.2d 63 (1992) ("[W]hile Defendants may always present the sentencing court with evidence that another court has ruled their prior convictions invalid and hence unsuitable for consideration as part of the criminal history score at sentencing, the

This circuit has not directly addressed the precise impact of the Guidelines on the ability of the district court to hear collateral attacks of prior convictions at sentencing hearings.[4] A similar case disputing the authority of the federal courts to hear collateral attacks on prior convictions during a federal sentencing hearing is presently before the Supreme Court.[5]

Our colleagues in the Ninth Circuit have observed the Commission itself appears to have gestured through its abundant amendments that it never hoped to effect any change in the judiciary's traditional role in determining for itself the extent to which collateral challenges to prior convictions will be allowed at sentencing. *See Vea–Gonzales,* 986 F.2d at 327 (stating that it is "likely the Commission intended to leave to the judiciary the entire issue of determining the kinds of collateral attacks (if any) which would be permissible at sentencing"). We agree that the Commission has undergone its iteration of amendments in an effort to make explicit what always has been implicit, namely that the determination of how to deal with collateral attacks on prior convictions at sentencing is a matter for judicial determination.

Before 1990, the Commission dealt with collateral attacks with the following language: "Convictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score." U.S.S.G. § 4A1.2, comment (n.6)

(Nov. 1989). Several circuits, including this one, understood the pre–1990 version as in some manner directing federal courts to allow defendants to challenge prior state convictions for the first time at their federal sentencing hearing. *See, e.g., United States v. Brown,* 899 F.2d 677, 679 (7th Cir.1990); *United States v. Wildes,* 910 F.2d 1484, 1485 (7th Cir.1990).

Perhaps perceiving their efforts to be misunderstood, the Commission attempted to put the appropriateness of collateral attacks back into the judiciary's bailiwick. In November 1990 the Sentencing Commission amended its guidelines to read: "[S]entences resulting from convictions that a defendant shows to have been previously ruled constitutionally invalid are not to be counted," alongside the famous background note "[t]he Commissioner leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction." U.S.S.G. § 4A1.2 (Nov. 1992). Despite the Commission's 1990–92 versions some circuit courts were reluctant to take back, as a judicial matter, the question of collateral attacks on prior convictions.[6]

In 1993 the Commission again amended the Sentencing Guidelines. The 1993 version deleted the following sentence from the 1990–92 version: "Also, sentences resulting from convictions that a defendant shows to have been previously ruled constitutionally

court also retains discretion to determine whether a Defendant may mount an initial challenge to the validity of such convictions"); *see also United States v. McClennon,* slip op., No. 92–1049, 1993 WL 213829 (10th Cir. June 11, 1993) (unpublished); *United States v. Howard,* 991 F.2d 195 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 395, 126 L.Ed.2d 343 (1993); *United States v. Brown,* 991 F.2d 1162 (3d Cir.1993); *United States v. Canales,* 960 F.2d 1311, 1315 (5th Cir. 1992).

The Ninth Circuit alone has held that the Constitution requires a sentencing court to inquire into the constitutional validity of previous convictions used for enhancement purposes. *United States v. Vea–Gonzales,* 986 F.2d 321 (9th Cir. 1993), *amended,* 999 F.2d 1326 (9th Cir.1993). *Accord, McGlocklin,* 8 F.3d at 1066 (Martin, J., dissenting) (agreeing with the Ninth Circuit that the discretionary approach will promote disparate treatment of similarly situated defendants, "a result at odds with the Guidelines' central mission" of providing uniformity in sentencing).

*Cont. Cuppett, v. Duckworth,* 8 F.3d 1132, 1148 (7th Cir.1993) (Easterbrook, J., concurring) ("The Constitution requires this? ... The idea that the Constitution requires a sentencing judge to reexamine other courts' judgments is preposterous").

4. Recently, Judge Easterbrook indicated in a concurring opinion that he might disfavor allowing federal courts to consider the merits of a collateral attack on a prior conviction during sentencing. *Cuppett v. Duckworth,* 8 F.3d 1132, 1142, 1146 (7th Cir.1993) (*en banc*), (Easterbrook, J., concurring).

5. *Custis,* 988 F.2d 1355 ("May Defendant challenge, in federal sentencing proceeding, constitutional validity of prior convictions offered by government for sentencing enhancement under Armed Career Criminal Act?").

6. *See supra* note 3 and accompanying text.

invalid are not to be counted.", and added the following in lieu thereof:

> With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law (e.g., 21 U.S.C. § 851 expressly provides that a defendant may collaterally attack certain prior convictions).

See Amendments to U.S.S.G. § 4A1.2, 58 Fed.Reg. 27148, 27160 (1993). Furthermore, in the 1993 version the background note "[t]he commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction" was deleted. Finally, the Commission went on to further explain the meaning of the 1993 changes:

> This amendment also *clarifies* the Commission's intent with respect to whether § 4A1.2 confers on defendants a right to attack prior convictions collaterally at sentencing, an issue on which the appellate courts have differed. This amendment addresses the inter-circuit conflict in interpreting the commentary by *stating more clearly* that the Commission does not intend to enlarge a defendants's right to attack collaterally a prior conviction at the current sentencing proceeding beyond any right otherwise recognized by law.

See Amendments to the U.S.S.G. § 4A1.2, 58 Fed.Reg. 77148, 27160 (1993) (citations omitted) (emphasis supplied).

All this indicates to us that the Commission never weighed in on the matter of a sentencing court's role in reviewing the validity of prior convictions used for sentence enhancement purposes.[7] Therefore, since the Sentencing Guidelines do not require anything more, we will determine as a matter of circuit law whether to permit collateral attacks of prior convictions at a federal sentencing hearing.

## 2. Improper Forum

■ In the matter of whether to allow collateral attacks at sentencing, we agree with the result reached by the First, Fourth, Sixth, Eighth, and Eleventh Circuits,[8] and hold that a defendant may not collaterally attack his prior state convictions at sentencing unless that conviction is presumptively void, as exemplified in *United States v. Tucker*, 404 U.S. 443, 448, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972) and *Burgett v. Texas*, 389 U.S. 109, 112–16, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Clearly, *Tucker* and *Burgett* preclude using any prior convictions at sentencing that were obtained from defendants who lacked representation of counsel as guaranteed by *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); however, we do not believe the rationale of *Tucker* and *Burgett* is completely limited to *Gideon* violations. Rather, we believe that these cases stand for a narrow exception, permitting a collateral attack only on a prior conviction that is presumptively void—that is a conviction lacking constitutionally guaranteed pro-

---

7. To the extent a commission's directive (as to a federal court's ability to review prior convictions at sentencing) could be understood as a jurisdictional limit, our understanding of the Commission's hands-off plan in this area avoids a potential *constitutional concern; namely, whether notwithstanding even Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), anything in the Framers' language would permit Congress to delegate such a core legislative function as its control over federal court jurisdiction to any agency or commission.

 Admittedly, such a theory has found little promotion since *Schechter v. United States*, 295 U.S. 495, 529, 55 S.Ct. 837, 842–43, 79 L.Ed. 1570 (1935), and *Panama Refining Co. v. Ryan*, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446 (1935); however, one can readily distinguish between Congress' ability to delegate its commerce power over price controls during wartime, *Yakus v.*

*United States*, 321 U.S. 414 (1944), and its ability to delegate a power as sensitive and central to our Anglo–American legal tradition as shaping a federal court's jurisdiction.

 Finally, as an aside we note that one does not find in the Guideline's enabling statute the kind of explicit mandate that Congress would ordinarily use to delegate to the Commission authority over an issue of such constitutional import as to so limit a sentencing court's jurisdiction. *See e.g., Industrial Union v. American Petroleum*, 448 U.S. 607, 645, 100 S.Ct. 2844, 2865, 65 L.Ed.2d 1010 (1980) (stating that Congress must give a clear mandate when delegating an important constitutional power) (majority opinion as to part III B).

8. *See supra* note 3 and accompanying text.

cedures plainly detectable from a facial examination of the record. *See Custis*, 988 F.2d at 1360; *see also United States v. Timmreck*, 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) ("a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with rudimentary demands of fair procedure").

▇ To discover these defective procedures a district court need not and should not conduct a mini-hearing on the validity of previous convictions. Judicial resources are scarce. Duplicate litigation is expensive. Under the Sentencing Guidelines a federal court uses a past conviction as one of many considerations in determining the length of a defendant's incarceration for his present crime. At sentencing a federal court is not being asked to approve, enforce, or vacate the prior conviction, but merely to determine a proper federal sentence for a federal crime. Thus, federal sentencing hearings are not "the proper forum for the wholesale vindication of constitutional rights infringed in an earlier criminal proceeding." *Roman*, 989 F.2d at 1128–29 (Tjoflat, C.J., concurring). The "appropriate forum for such a fact-intensive inquiry" as that required to determine whether a plea of guilty was not voluntary and intelligent "will typically be a state collateral proceeding or federal *habeas corpus*, not a sentencing hearing for a separate offense far removed from the original conviction." *Custis*, 988 F.2d at 1363; *see also Roman*, 989 F.2d at 1126–29 (11th Cir.1993) (Tjoflat, C.J., concurring). A defendant's failure to use those alternative means cannot be transformed into a call for a federal sentencing court to entertain the belated challenge to a prior conviction.[9] Defendants must use the proper forum for all but the very most glaring constitutional violations. Furthermore, turning sentencing into mini-hearings over the validity of other convictions does not serve the best interests of a defendant who might be opting for a cursory review that possibly could bar any opportunity for a full hearing later.[10]

▇ Therefore, because there are alternative means for attacking an invalid prior conviction that allow a defendant to protect adequately his constitutional guarantees, with the limited exception already noted, we hold that a defendant may not collaterally attack his prior convictions at a federal sentencing hearing.

### B. Defendant's Challenge

▇ Thus, under our holding today, a district court should not entertain a collateral attack at sentencing except for those challenges that manifest, from a facial review of the record, a presumptively void prior conviction. In the case here before us, we note that Defendant's challenge fails to allege, as now required for a review at sentencing, the absence of a constitutionally required procedure. Ordinarily, this alone would be fatal to Defendant's attempted collateral attack on a prior conviction at sentencing. However, since all concerned lacked the information contained in this opinion, we will construct Defendant's challenge as it possibly might relate to some procedural defect.

▇ Defendant first claims that his 1984 plea was not knowing and voluntary,

9. Any serious challenge would likely be brought long before the sentencing for a later offense. *See, e.g., Cuppett*, 8 F.3d at 1146–47 (Easterbrook, J., concurring) ("Requiring defendants to use these opportunities, rather than tarry and then launch indirect collateral attacks during sentencing for some other offense has significant benefits. It sends persons to the rendering courts, which have the records necessary to determine whether a conviction is valid or not. It requires them to act promptly, while the information necessary to determine validity is available (and while re-prosecution is possible, at least in theory, if the conviction is flawed)"); *Roman*, 989 F.2d at 1125 n. 19 (11th Cir.1993) (Tjoflat, C.J., concurring) (noting government's argument that, "If the offender's objection had sufficient merit, it is probable that the offender would have challenged the conviction when the proper parties were present and the facts were still fresh"); *McGlocklin*, 8 F.3d at 1045 ("Failure by the federal defendant to have attempted the attack [earlier].... [a]nd ordinarily—though not necessarily—a failure to have made the attempt will bespeak a recognized lack of basis for doing so, thus raising in question the basis now claimed for making the attempt in an even more attenuated collateral setting."), citing *United States v. Jones*, 977 F.2d 105, 109 (4th Cir.1992).

10. *See supra* note 9 and accompanying text.

alleging that the state court did an inadequate job probing the voluntariness of his plea. Short of a record completely devoid of any meaningful semblance of a plea colloquy, this is the type of challenge that a district court should not entertain at sentencing. When considering a collateral attack of a prior conviction the district court should not weigh the adequacy of that prior procedure in the manner of an appellate body, rather, determine only whether or not, from the face of the record, it occurred. Here, since the district court noted that a plea colloquy took place, Defendant's challenge is therefore properly dismissed without more.

■ Next, Defendant argues that there is not any basis in fact to support the state court's acceptance of his 1984 plea. Here again Defendant merely challenges the depth in which this matter was probed by the trial court. In response to this challenge the district court properly checked the record and found a factual basis supporting Defendant's 1984 plea. This is sufficient when a defendant is questioning a prior conviction at his federal sentencing hearing.

Therefore, since Defendant failed to demonstrate that his prior state conviction was presumptively void, his collateral challenge to his state conviction, raised at a federal sentencing hearing, must fail. With no other challenges to Defendant's sentence before this court, we must conclude that his sentence is proper in every other way.

## III. Conclusion

For the forgoing reasons the judgment of the district court is affirmed.

AFFIRMED.