35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph DONALDSON,** Petitioner-Plaintiff-Appellant,
v.
UNITED STATES of America, Respondent-Defendant-Appellee.
 Nos. 92-4120, 93-2726.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 14, 1994.*
Decided Sept. 16, 1994.
 
 Before CUMMINGS, CUDAHY and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Joseph Donaldson was convicted by a jury on five counts of bank robbery. He appealed his conviction to this court and raised several issues, including two claims of ineffective assistance of trial counsel. We decided all his claims and affirmed his conviction. United States v. Donaldson, 978 F.2d 381 (7th Cir.1992). Donaldson subsequently filed a motion pursuant to 28 U.S.C. Sec. 2255 and a complaint alleging violations under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. Secs. 2631-80.
 
 
 2
 On appeal from the denial of his Sec. 2255 motion (Appeal No. 92-4120), Donaldson raises approximately fourteen claims, all of which are presented in terms of ineffective assistance of trial counsel. Although claims of ineffective assistance of counsel are, generally speaking, best brought in a Sec. 2255 motion, we require that the movant provide reasons for not bringing his claims of ineffective assistance on direct appeal (e.g. that trial counsel was appellate counsel, that new evidence was required, or that at the time of the appeal it appeared that new evidence might be necessary). Guinan v. United States, 6 F.3d 468, 472 (7th Cir.1993). In this case Donaldson claims that he did not raise his ineffective assistance of counsel claims on direct appeal because his appellate counsel was ineffective for failing to do so. In other words, he argues that all his ineffective assistance of counsel claims should have been brought on direct appeal. Due to the nature of his argument and the absence of new evidence accompanying his Sec. 2255 motion, we may consider his claims only on the trial record.
 
 
 3
 In order to prevail on an ineffective assistance of counsel claim, the defendant must show deficient performance on the part of the attorney and prejudice arising from those errors. Lockhart v. Fretwell, 113 S.Ct. 838 (1993); Strickland v. Washington, 466 U.S. 668 (1984). Appellate counsel raised on direct appeal some of Donaldson's present claims. We have already determined that the admission into evidence of items not listed in the search warrant was harmless error. Donaldson, 978 F.2d at 389. We also considered Donaldson's objection to the identification testimony based on allegedly suggestive photographs. Id. at 384-87. And we determined that no violations of the Interstate Agreement on Detainers Act occurred that warranted the dismissal of Count IV of the indictment. Id. at 389-91. Although appellate counsel did not raise these issues in the context of ineffective assistance of trial counsel, the substance of the alleged errors at trial was addressed on direct appeal. On direct appeal we also considered, and rejected, claims that trial counsel was ineffective for not interviewing two witnesses and for not obtaining expert testimony on the bank security tapes. Id. at 394-95.
 
 
 4
 We cannot consider Donaldson's claims regarding the marking of exhibits and violations of the Federal Rules of Evidence in the context of a Sec. 2255 motion because they are trial errors and not errors of constitutional magnitude. Guinan, 6 F.3d at 470; Scott v. United States, 997 F.2d 340 (7th Cir.1993).
 
 
 5
 The other claims that Donaldson contends that counsel should have raised are without merit and thus no prejudice could have occurred. Donaldson has shown no evidence of perjury. Nor has he shown that his prior convictions were invalid.[1] His claim regarding the alleged fabrication of photographs of his face is also without merit. His general objections to inconsistencies in the testimony of witnesses, counsel's failure to impeach, and counsel's failure to object to prosecutorial misconduct, are without merit, as are his myriad other claims. Donaldson is not entitled to relief under Sec. 2255.
 
 
 6
 Because Donaldson is not entitled to relief under Sec. 2255, he cannot establish a Bivens action (Appeal No. 93-2726). The United States Supreme Court ruled in Heck v. Humphrey, 114 S.Ct. 2364 (1994), that in order to recover damages in an action brought pursuant to 42 U.S.C. Sec. 1983 for an allegedly unconstitutional conviction or imprisonment, or for "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 114 S.Ct. at 2372. The same analysis applies to Bivens actions. Stephenson v. Reno, 28 F.3d 26 (5th Cir.1994). Donaldson challenges the investigation that led to his criminal conviction, and that conviction has not been declared invalid or been expunged; therefore, Donaldson cannot bring a Bivens action. Likewise, Donaldson has not alleged a state common law tort for his claim under the Federal Tort Claims Act. Additionally, because it is based on the same set of facts as his Bivens claim, it is barred also by Heck v. Humphrey.
 
 
 7
 Alternatively, we would affirm Appeal No. 93-2726 for the reasons stated by the district court in its June 23, 1993 Memorandum Opinion and Order.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeals are submitted on the briefs and records
 
 
 **
 The court on its own motion consolidates these two appeals
 
 
 [1]
 Of course under United States v. Mitchell, 18 F.3d 1355 (7th Cir.1994), Donaldson could not have challenged the validity of his prior state convictions at his federal sentencing hearing. But in order to raise the issue in a Sec. 2255 motion, he must present something to show that the prior convictions were invalid. Donaldson has not done more than assert the claim