**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert R. ROGERS, Defendant–Appellant.**

**No. 94–2439.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 7, 1994.

Decided Jan. 26, 1995.

Dennis J. Dimsey, Miriam R. Eisenstein, Asst. Atty. Gen. (argued), Dept. of Justice, Civ. Rights Div., Appellate Section, Washington, DC, for plaintiff-appellee.

Brian J. May (argued), Rubin, Drendall & May, South Bend, IN, for defendant-appellant.

Before BAUER and KANNE, Circuit Judges, and SKINNER,* District Judge.

BAUER, Circuit Judge.

A jury convicted Robert Rogers of interfering with the civil rights of his neighbors, a black couple and their infant child, and other crimes in connection with an incident in which Rogers and associates terrorized the family in their home one evening. For his crimes, Rogers was sentenced to 266 months in a federal penitentiary. He challenges three aspects of his sentencing. We find no merit to Rogers' arguments and affirm his sentence in all respects.

Rogers lives in South Bend, Indiana. His next-door neighbors are the aforementioned black couple. On April 17, 1992, Rogers and five other thugs gathered at Rogers' home and decried the presence of blacks in that neighborhood. After discussing the various crimes each would like to commit against

---

* The Honorable Walter Jay Skinner, United States District Judge for the District of Massachusetts, is sitting by designation.

members of the black community, they planned an attack on Rogers' black neighbors. The group then proceeded next door, yelled racial epithets at the home's occupants, and threatened to kill them. Finally, they attacked.

First, they kicked down the front door, and Rogers stormed in brandishing brass knuckles and a knife. After Mike McDaniels, the male resident, managed to convince the mob to leave, one of the group fired a sawed-off shotgun through the door, narrowly missing McDaniels. Rogers, easily the most active participant of the group, also threw a chunk of concrete through a front window, broke a post from the awning, and used it as a lance to reach through the broken window to poke McDaniels. Rogers also ripped out the couple's telephone line.

The jury convicted Rogers of one count each of: 1) conspiracy to interfere with civil rights, in violation of 18 U.S.C. § 241; 2) using force and threat of force to interfere with Fair Housing Act rights, in violation of 42 U.S.C. § 3631(a) and 18 U.S.C. § 2; 3) possessing an unregistered short-barreled shotgun, in violation of 26 U.S.C. §§ 5861(d), 5871; 4) possessing a short-barreled shotgun with no serial number, in violation of 26 U.S.C. §§ 5861(i), 5871; and 5) using or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). In determining Rogers' sentence, the district court included in Rogers' criminal history his many criminal convictions while a juvenile. In addition, the district court increased Rogers' offense level by two for obstruction of justice and refused his request for a decrease in his offense level for acceptance of responsibility. It is these three sentencing decisions that Rogers contests.

■ Rogers' first argument is that because his juvenile convictions are constitutionally defective, the district court improperly included them in his criminal history. He claims that these juvenile convictions are not constitutionally valid because his requests for a jury in those juvenile proceedings were denied. This argument is specious.

■ We have recently held that, as a general matter, a federal sentencing hearing is the wrong forum in which to raise defects in prior state convictions. *United States v. Mitchell,* 18 F.3d 1355, 1361 (7th Cir.1994). Only in very narrow circumstances may such a collateral attack be entertained: convictions with respect to which the lack of constitutional guarantees is plainly detectable from a facial examination of the record. *Id.* Rogers offers nothing to demonstrate that his is one of those cases. Accordingly, if Rogers wants to challenge his juvenile convictions, he must do so in the state courts of Indiana or by way of federal habeas corpus. *See Custis v. United States,* — U.S. —, —, 114 S.Ct. 1732, 1739, 128 L.Ed.2d 517 (1994). In addition, even if we were to consider Rogers' claim on the merits, it must fail. Due process does not command that juveniles receive jury trials in juvenile court. *McKeiver v. Pennsylvania,* 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). Rogers' first claim, therefore, is wholly without merit.

■ Rogers' second contention concerns the district court's assessment of a two-level increase to Rogers' criminal offense level for obstruction of justice. When Rogers was interviewed for the presentence report, he attempted to deny certain of his prior criminal juvenile convictions, asserting that the arrests belonged to another person with the same name. The district court assessed the enhancement pursuant to the United States Sentencing Guideline that offers as an example of "obstruction of justice" the provision of "materially false information to a probation officer in respect to a presentence or other investigation for the court." *Guidelines Manual,* § 3C1.1, comment. (n.3(h)). Rogers claims that his denial of his criminal record was not material or, in the alternative, that he had forgotten certain of his criminal acts, thereby rendering his denial unknowing. His arguments border on the outlandish.

■ First, it is well-settled in this Circuit that the denial of one's criminal record to the probation officer preparing the presentence report is most certainly material. *See, e.g. United States v. Thomas,* 11 F.3d 1392, 1400–01 (7th Cir.1993); *United States v. Delgado,* 936 F.2d 303, 306 (7th Cir.1991) ("It is

difficult to conceive of a more material false-hood than a defendant lying to a probation officer concerning the extent of his criminal record during the presentence investiga-tion."), *cert. denied*, 502 U.S. 1074, 112 S.Ct. 972, 117 L.Ed.2d 137 (1992). Second, while Rogers' criminal record is quite extensive (it includes five convictions for motor vehicle theft, three for intimidation, one each for felony theft, arson, criminal mischief, and criminal conversion), it is quite implausible that he forgot his arson conviction and one motor vehicle theft; he was incarcerated for both offenses. Moreover, it is not as though he neglected to include them on a job appli-cation. Rogers denied them to the probation officer; he actively lied to conceal the convic-tions. Rogers' contention that the two-level enhancement for obstruction of justice was improperly assessed is also clearly without merit.

█ Rogers' third and final argument is that the district court erred when it denied his request for a two-level decrease for ac-ceptance of responsibility. He claims that he has been punished for putting the govern-ment to its proof. Not surprisingly, Rogers misperceives the strict eligibility require-ments for such leniency under the Guide-lines.

█ Acceptance of responsibility means that "the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal con-duct." United States Sentencing Guidelines, *Guidelines Manual*, § 3E1.1(a). Except in rare circumstances, a plea of guilty is a nec-essary, if not a sufficient, condition for accep-tance of responsibility. USSG § 3E1.1, com-ment. (n.2). The burden is on Rogers, how-ever, to demonstrate that he deserves such a reduction in his offense level even though he did not plead guilty. *See, e.g., United States v. Kerr*, 13 F.3d 203, 205 (7th Cir.1993) (cita-tions omitted). Not only has he failed to produce any evidence remotely supporting his request, but Rogers continued to deny his guilt through the sentencing phase of his prosecution. Needless to say, this is not the type of concrete remorse or restitution that earns a defendant an offense level reduction. The district court properly concluded that Rogers was not entitled to the reduction for acceptance of responsibility.

For the foregoing reasons, the sentence of Robert Rogers imposed by the district court is in all respects

AFFIRMED.