61 F.3d 906
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph A. MAZANETZ, Defendant-Appellant.
 No. 94-3752.
 United States Court of Appeals, Seventh Circuit.
 Argued June 13, 1995.
Decided July 20, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Joseph Mazanetz pleaded guilty to violating 18 U.S.C. Sec. 922(O)(1) by unlawfully possessing three machine guns, and was sentenced to a forty-six-month term of imprisonment to be followed by a three-year term of supervised release. Mazanetz appeals the district court's inclusion of his violation of a municipal ordinance in its calculation of his criminal history, U.S.S.G. Sec. 4A1.2. For the following reasons, the judgment of the district court is affirmed.
 
 FACTS
 
 2
 During the late evening hours of December 31, 1993 (or the early morning hours of January 1, 1994), the Wood County Sheriff's Department Rescue Garage in Wisconsin Rapids, Wisconsin, was burglarized. Among the items taken in the burglary were three Heckler and Koch 9mm submachineguns. An investigation into the burglary led to the arrest of Mazanetz on March 1, 1994. Mazanetz was subsequently charged in a two-count indictment for possession of three 9mm submachineguns in violation of 18 U.S.C. Sec. 922(O)(1) (Count I) and, having previously been convicted of a felony, unlawfully possessing these three firearms in or affecting interstate commerce in violation of 18 U.S.C. Sec. 922(g)(1) (Count II). Mazanetz pleaded guilty to Count I, and Count II was dismissed. On November 9, 1994, a sentencing hearing was held. With an offense level of 18 and a criminal history category of IV, Mazanetz's applicable guideline range was 41 to 51 months. He was sentenced to a 46-month term of imprisonment to be followed by a three-year term of supervised release. This timely appeal follows.
 
 ISSUES
 
 3
 Mazanetz argues that the district court erred in assessing him one criminal history point pursuant to U.S.S.G. Sec. 4A1.2 because of a prior default judgment entered for violating a municipal ordinance (a Marshfield, Wisconsin ordinance prohibiting theft) for the following reasons: (1) it was imposed for violating a local ordinance and not a state criminal offense; (2) a sentence imposed as a result of a default judgment cannot be considered a "prior sentence" for the purposes of assessing criminal history points under U.S.S.G. Sec. 4A1.2; (3) a sentence imposed for theft of $80 should be excluded from counting under Sec. 4A1.2(c); (4) since the penalty received for violating the municipal ordinance was deemed a "forfeiture" and not a fine, it cannot be considered a prior sentence; and (5) since he never had notice of the hearing to defend the citation issued for his violation of the municipal ordinance and he was deprived of counsel, the default judgment was erroneously entered.
 
 STANDARD OF REVIEW
 
 4
 A district court's findings of fact at sentencing are reviewed for clear error. United States v. Young, 34 F.3d 500, 504 (7th Cir. 1994); United States v. Abdelkoui, 19 F.3d 1178, 1183 (7th Cir. 1994). Its interpretation of the sentencing guidelines is reviewed de novo. Young, 34 F.3d at 504; United States v. Haynes, 969 F.2d 569, 571 (7th Cir. 1992).
 
 DISCUSSION
 
 5
 U.S.S.G. Sec. 4A1.2 provides that a defendant is assessed a criminal history point for "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. Sec. 4A1.2(a)(1). Here, Mazanetz was assessed a criminal history point (which raised his criminal history category from III to IV) for violating Marshfield Municipal Code No. 9.943.20 (Theft). Specifically, on November 1, 1993, Mazanetz was issued a citation for violating Marshfield, Wood County, Wisconsin Municipal Code No. 9.943.20 (Theft) by taking $80 from his mother without her permission. The police report indicates that two Marshfield police officers were dispatched to 1315 Arlington Street, Marshfield (the home of Mazanetz' mother, Patricia Mazanetz) regarding a complaint that a theft had occurred and that the suspect was still in the home. When the officers arrived at the scene, Patricia Mazanetz stated that her son had taken money ($80) from her without her permission, that he was still in the garage of her home and that he would not leave. Mazanetz admitted to the theft, stated that he knew it was wrong, and that he took the money because he was "broke." Mazanetz was arrested and brought to the Marshfield Police Department where, because he was on probation at the time of the theft, his probation officer was contacted. Both Mazanetz and his probation officer were told that Mazanetz would be issued an "Ordinance Citation" for his involvement in the theft. The police report indicated that the citation would be mailed to his probation officer. Mazanetz was then transferred to the Wood County Jail on a probation hold, as recommended by his probation officer. Mazanetz never appeared to defend the citation[1] and, on November 29, 1993, he was adjudicated guilty by default and assessed a $173 forfeiture penalty.
 
 
 6
 Mazanetz first argues that since his "prior sentence" was imposed pursuant to a local ordinance violation, and not for a violation of state criminal law, it should not have been counted in computing his criminal history category. Application note 12 to U.S.S.G. Sec. 4A1.2 provides as follows:
 
 
 7
 A number of local jurisdiction have enacted ordinances covering certain offenses (e.g., larceny and assault misdemeanors) that are also violations of state criminal law. This enables a local court (e.g., a municipal court) to exercise jurisdiction over such offenses. Such offenses are excluded from the definition of local ordinance violations in Sec.4A1.2(c)(1) and, therefore, sentences for such offenses are to be treated as if the defendant had been convicted under state law.
 
 
 8
 Id. Marshfield's ordinance prohibiting theft was the result of Marshfield's incorporation of the state criminal law offense of theft, Wis. Stat. Sec.943.20 (1994), into its municipal code. Since the conduct prohibited by this ordinance is, therefore, also a criminal offense under state law, Mazanetz' ordinance violation was properly treated as a conviction under state law for the purposes of determining his criminal history category under Sec. 4A1.2.
 
 
 9
 Mazanetz next maintains that since his Marshfield sentence was imposed as a result of his failure to appear (his default), there was no adjudication of guilt as required by U.S.S.G. Sec. 4A1.2(a)(1). To adjudicate is to "settle in the exercise of judicial authority. To determine finally." Black's Law Dictionary 39 (5th ed. 1979). Judgment against Mazanetz was determined when he failed to appear to defend the citation - the municipal court promptly found him guilty of theft and ordered that he pay a $173 forfeiture penalty. However, when judgment was entered for failing to appear, Mazanetz had six months to reopen the judgment by showing that his failure to appear was due to a mistake, inadvertence, surprise, or excusable neglect. Wis. Stat. Sec. 800.04(3)(a). Accordingly, one might argue that Mazanetz' guilt was not truly "adjudicated" at the time of his default. In any event, since Mazanetz never filed a motion to reopen the judgment, it was adjudicated (at least within the strictest meaning of the word) on May 29, 1994, six months after the date of disposition, November 29, 1993.[2]
 
 
 10
 Mazanetz further claims that even if there was an adjudication of guilt, it was not by way of a guilty plea, trial, or plea of nolo contendere as, he alleges, is required by Sec. 4A1.2(a)(1). Since Mazanetz was found guilty by a plea of no contest, this claim is easily disposed of. In the event of a violation of a municipal ordinance in Wisconsin, "[i]f the person charged fails to appear personally or by an attorney at the time fixed for hearing of the case, the defendant may be deemed to have entered a plea of no contest and ... the penalty assessment ... may be declared forfeited by the [municipal] court ...." Wis. Stat. Sec. 800.09(2)(b) (1994). Accordingly, when Mazanetz failed to appear at his scheduled hearing, the municipal court considered it a plea of no contest (i.e., plea of nolo contendere) and thereby found Mazanetz guilty as charged.
 
 
 11
 Mazanetz additionally argues that since the offense of theft of $80 is similar to the offenses listed under Sec. 4A1.2(c), it should not be counted. U.S.S.G. Sec. 4A1.2(c) provides:
 
 
 12
 Sentences for misdemeanor and petty offenses are counted, except as follows:
 
 
 13
 (1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
 
 Careless or reckless driving
 Contempt of court
 Disorderly conduct or disturbing the peace
 
 14
 Driving without a license or with a revoked or suspended license
 
 False information to a police officer
 Fish and game violations
 Gambling
 
 15
 Hindering or failure to obey a police officer
 
 Insufficient funds check
 Leaving the scene of an accident
 
 16
 Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law)
 
 Non-support
 Prostitution
 Resisting arrest
 
 17
 Trespassing.
 
 
 18
 (2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:
 
 Hitchhiking
 Juvenile status offenses and truancy
 Loitering
 Minor traffic infractions (e.g., speeding)
 Public intoxication
 
 19
 Vagrancy.
 
 
 20
 U.S.S.G. Sec. 4A1.2(c) (emphasis supplied).
 
 
 21
 Mazanetz contends that the facts giving rise to the ordinance violation in question (stealing $80 from his mother because he needed the money) make it an "offense similar" to the crimes of issuing an insufficient fund check and disorderly conduct and, therefore, it should not be counted. The crimes of issuing an insufficient fund check and disorderly conduct are identical to Wis. Stat. Secs. 943.24, 947.01 (Issue of Worthless Check and Disorderly Conduct, respectively). Theft, the taking of another's property with the intent to permanently deprive that person of ownership is clearly distinct from these two crimes.[3] Mazanetz further asserts that, considering the leniency of his sentence (a $173 fine) and the fact that more serious crimes (e.g., prostitution) are specifically excluded from counting under Sec. 4A1.2, his conviction for theft should not be counted. Theft is a crime which - contrary to Mazanetz' opinion - is serious enough to warrant prison time.[4] Even if it was not, theft is not excluded from counting under Sec. 4A1.2 or any other provision of the guidelines.
 
 
 22
 Mazanetz next argues that since his penalty was only a "forfeiture," and was not called a fine, it does not constitute a punishment and, therefore, cannot be called a previous sentence. Section 25.04 of the Marshfield Municipal Code provides that "[a]ny person who shall violate any provision of this Code shall, upon conviction thereof, forfeit not less than $5 nor more than $500, together with the costs of prosecution, and in default of payment of such forfeiture and costs of prosecution shall be imprisoned in the County jail until such forfeiture and costs are paid, but not exceeding 90 days." In the instant action, Mazanetz was deemed to have forfeited $173 --- the amount of his posted bond. There was no indication what costs of prosecution he was assessed. Clearly, this "forfeiture" penalty is no different from a fine issued as punishment for committing a criminal offense - it represents a sum of money which has to be paid as the result of violating the law.
 
 
 23
 Finally, Mazanetz challenges the validity of his sentence. Specifically, Mazanetz argues that he had a valid defense to his violation of the ordinance (i.e., that he did not take the money from his mother with the intent to permanently deprive her of it and that he had authority to take it), and that he would have been present at the hearing on his citation to present this defense but for the fact that he was never notified of the hearing and that he was not represented by counsel. As a general rule, there is no constitutional right to collateral review of prior convictions at sentencing. Custis v. United States, 114 S. Ct. 1732, 1738 (1994). Nor do the Sentencing Guidelines provide for such review at sentencing. See United States v. Mitchell, 18 F.3d 1355, 1360 (7th Cir. 1994), cert. denied, 115 S. Ct. 640 (1994). However, we have held that a collateral attack may be permitted "when the prior conviction is 'presumptively void,' that is, 'plainly detectable from a facial examination of the record."' United States v. Billops, 43 F.3d 281, 288 (7th Cir. 1994) (quoting United States v. Mitchell, 18 F.3d 1355, 1360 (7th Cir. 1994), cert. denied, 115 S. Ct. 640 (1994)), cert. denied 115 S. Ct. 1389 (1995). Mazanetz argues that since he never received the citation, and therefore was never notified of the time, date, and place of the hearing, he was unable to defend it. While the police report provides that the citation would be mailed to Mazanetz' probation officer (and does not indicate whether a copy of the citation was also mailed to Mazanetz personally), it does not state that the citation was mailed only to his probation officer. Assuming, arguendo, that the citation was sent only to Mazanetz' probation officer, the record does not indicate that the probation officer failed to deliver the citation (or a copy of it) to Mazanetz. Indeed, there is no reason to believe that the probation officer would not have forwarded at least a copy of the citation to Mazanetz. Accordingly, we do not agree that Mazanetz' ordinance violation is "presumptively void" from a "facial examination" of the record.
 
 
 24
 Even if the record did plainly demonstrate that Mazanetz never received notice to defend the citation, it is not certain that this could be grounds to challenge the validity of his prior ordinance violation at sentencing. As we stated in United States v. Killion, 30 F.3d 844 (7th Cir. 1994), cert. denied, 115 S. Ct.954 (1995):
 
 
 25
 [A]lthough our decision in Mitchell permits a collateral attack on any prior conviction "that is presumptively void - that is a conviction lacking constitutionally guaranteed procedures plainly detectable from a facial examination of the record," Mitchell, 18 F.3d at 1360-61, the Supreme Court in Custis, relying on the same authority that had guided our decision in Mitchell, described the exception in more narrow terms. In the view of the Supreme Court, only a conviction obtained in the absence of counsel cannot be used to enhance a sentence. Custis, U.S. at , 114 S.Ct. at 1738. Custis involved the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e); Mitchell involved the career offender provision of the Sentencing Guidelines, U.S.S.G. Sec. 4B1.1. Yet, we find it difficult to detect a principled distinction. It may well be, therefore, that Custis has limited the exception that we carved out of the rule established in Mitchell.
 
 
 26
 Killion, 30 F.3d at 846. This brings us to Mazanetz' second basis for challenging his ordinance violation - that he failed to appear to defend the citation because he was not represented by counsel. This claim might have merit, but for the fact that Mazanetz was only fined for his ordinance violation. As the Supreme Court has held, where a prior sentence was the result of a misdemeanor conviction and no prison term has been imposed, failure to appoint counsel will not open the door to collateral review of the sentence. Nichols v. United States, 114 S. Ct. 1921, 1928 (1994). Clearly, Mazanetz, has no basis to challenge the validity of his ordinance violation at sentencing.
 
 
 27
 For the reasons set forth above, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 The citation indicated that Mazanetz was to appear in the Wood County Courthouse at 9:30 a.m. on November 29, 1993
 
 
 [2]
 We note that even if the "adjudication" is not deemed to occur until six months after the entry of default (May 29, 1994), since the adjudication would still have occurred prior to sentencing for the instant offense, the prior sentence would still be counted as part of Mazanetz' criminal history. U.S.S.G. Sec. 4A1.2 note 1
 
 
 [3]
 The crime of Issue of a Worthless Check is defined as issuing a check with the intent that it not be paid. Wis. Stat. Sec. 943.24. The crime of Disorderly Conduct is defined as violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct which tends to cause or provoke a disturbance. Wis. Stat. Sec. 947.01
 
 
 [4]
 Under Wisconsin law, the crime of theft of less than $1,000 is a Class A misdemeanor and the sentence can be up to a $10,000 fine or a nine-month term of imprisonment, or both. Wis. Stat. Secs. 943.20(3)(a), 939.51(3)(a)