70 F.3d 1275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos DOWELL, Defendant-Appellant.
 No. 95-1472.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 28, 1995.
Decided Nov. 17, 1995.
 
 Before WOOD, Jr., COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Defendant Carlos Dowell was found guilty by a jury of car jacking in violation of 18 U.S.C. Sec. 2119 and sentenced as a career offender under U.S.S.G. Sec. 4B1.1 to 180 months imprisonment with restitution to the car's owner and insurer. A codefendant, Charles Richardson, pleaded guilty, but a plea agreement for Dowell was rejected by the district court. Two issues are raised. Challenged first is Dowell's sentence as a career offender, and secondly, the sufficiency of the evidence.
 
 Factual Summary
 
 2
 Dowell and Richardson were walking near a beach in Gary, Indiana, when they spotted Michael Rider getting into his parked car. The pair approached Rider, ostensibly asking for the time, then became verbally abusive and demanded the keys to his car. During the resulting confrontation, Richardson produced a starter pistol and struck Rider with it in the back of his head, causing a wound requiring stitches. Dowell helped force open the car's door, jumped in the driver's seat, and drove off with Richardson as a passenger. The police, alerted by Rider, soon identified and stopped the vehicle. As officers approached the car, however, Dowell and Richardson sped away. During the ensuing chase shots were fired. Dowell eventually drove the car into a field and the pair again attempted to escape, this time on foot. They were quickly apprehended. When interviewed by the FBI, Richardson admitted a part in the carjacking and implicated Dowell, but subsequently at trial testified that he, not Dowell, possessed the gun and had hit Rider.
 
 Career Offender Status
 
 3
 Dowell's record revealed convictions of four counts of armed robbery in Cook County, Illinois in 1992, and two prior juvenile convictions in 1990 in Indiana for burglary, robbery, and armed robbery. He waived counsel in the two Indiana juvenile proceedings. Dowell had completed the tenth grade before being incarcerated in Illinois. Tests revealed his IQ to be in the seventies.
 
 
 4
 Dowell attacks his sentencing as a career offender on the grounds that he is mentally deficient and was unable to knowingly and voluntarily waive his right to counsel. The two grounds separately argued are in reality but one.
 
 
 5
 In the circumstances of this case no extended discussion of either issue is required. It appeared in the Indiana state record before the district court that Dowell was not denied counsel in either of his juvenile convictions. He did not desire counsel and waived his right to counsel. That is conceded by Dowell. His constitutional right to counsel was not denied.
 
 
 6
 The argument is next made that Dowell, then fifteen years of age, did not have the mental capacity to waive counsel effectively. Dowell, however, not only waived counsel in the state court proceedings, but subsequently failed to raise any objection to the state waiver in the district court where he was represented by counsel. Dowell's counsel advised the district court there was no career offender issue and that Dowell qualified as a career offender. Moreover, under further questioning by the district court, Dowell conceded there was no factual dispute with the representations in the presentence report that showed a waiver of counsel in the juvenile proceedings.
 
 
 7
 Whether a defendant has knowingly and intelligently waived counsel is a mixed question of law and fact. Brewer v. Williams, 430 U.S. 387, 403 (1977). Where a lower court has applied the correct rule of law and found a waiver, the defendant has the burden of showing the finding to be clearly erroneous. United States v. Unger, 915 F.2d 759, 762 (1st Cir.1990) (citations omitted), cert. denied, 498 U.S. 1104 (1991). Age and intelligence are to be considered in waivers, but are not dispositive. See id., at 761-62. In this case counsel was waived not once but twice in state court at different times. The findings of the district court in view of that court's careful exploration of the waiver and career offender issues cannot be held to be clearly erroneous. Dowell, when represented by counsel, added waiver on top of waiver. Rather than raise the issue for the first time here, Dowell may better pursue collateral attack of his juvenile convictions in state court, or by federal habeas review. We have held that "sentencing hearings are not the appropriate forum to examine the validity of prior convictions even though such convictions may be used to enhance a present sentence." United States v. Mitchell, 18 F.3d 1355, 1358 (7th Cir.1994), cert. denied, 115 S.Ct. 640 (1994).
 
 Sufficiency of the Evidence
 
 8
 The adverse testimony of Dowell's partner, Richardson, in the carjacking is claimed to be unreliable due to Richardson's incentive to fabricate and the changes in his testimony about his own increased part in the conspiracy. The victim, Rider, also testified along with the Federal Bureau of Investigation agent. Dowell offered no evidence. No question is raised about the court's instructions to the jury. Only credibility is at issue, but that is for the jury which heard and observed the witnesses, not for this court. The "inherently unbelievable" or "extraordinary circumstances" exceptions to the rule of jury determination of witness credibility is extremely narrow and can be invoked only where the testimony contradicts indisputable physical facts or laws. United States v. Kuzniar, 881 F.2d 466, 470-71 (7th Cir.1989) (citations omitted). There was nothing "inherently unbelievable" in the testimony offered in this case, quite to the contrary.
 
 
 9
 It is well recognized that the defendant claiming insufficient evidence bears a heavy burden. United States v. Montgomery, 990 F.2d 266, 268 (7th Cir.1993), citing U.S. v. Maholias, 985 F.2d 869, 871 (7th Cir.1993). We review the evidence in the light most favorable to the government; if that evidence establishes that any rational jury could have found the defendant guilty beyond a reasonable doubt, the conviction will be affirmed. Montgomery, 990 F.2d at 268 (citations omitted). There is no difficulty in finding the government's proof was sufficient.
 
 
 10
 We find no fault in the proceedings, the evidence, or the sentence.
 
 
 11
 AFFIRMED.