THE CITY OF NAPERVILLE, Plaintiff-Appellant, v. DEAN LAWRENTZ, Defendant-Appellee.

Second District   No. 76-561

Opinion filed August 15, 1977.

Francis J. Cuneo, of Naperville, for appellant.

No brief filed for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant was issued an Illinois citation and complaint charging him with speeding in violation of local ordinance 13-322 of the City of Naperville. A notice to appear was specified in the citation pursuant to section 107—12(a) of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1975, ch. 38, par. 107—12(a)). Upon defendant's failure to appear on

the specified trial date the city moved for an ex parte judgment. The court denied the motion and on its own motion dismissed the case for failure to apply the provisions of Supreme Court Rule 526 (Ill. Rev. Stat. 1975, ch. 110A, par. 526). The rule as applicable provides generally that "a person arrested for a traffic offense and personally served by the arresting officer with a traffic ticket"[1] shall post the specified cash bail, his driver's license, or an approved bond certificate. The city appeals contending that the preset bail provisions of the rule do not apply when an offender has been noticed to appear in lieu of an arrest.

The defendant has not appeared in this court. We therefore review the appeal pursuant to the direction outlined in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

We review the issues: (1) Whether the preset bail provisions of Supreme Court Rule 526 are mandatory and thus must be applied to the exclusion of serving the defendant instead with a notice to appear; and (2) whether the failure to apply the bond requirements of Supreme Court Rule 526 when there is no arrest authorizes dismissal of the case. We conclude that each question must be answered in the negative and therefore reverse.

The preset bail provisions found in Supreme Court Rule 526 are for the purpose of avoiding delay and freeing certain offenders when in the judgment of the officer who makes an arrest it is not practical because of the hour or the circumstances to bring the offender before a judge. (See Ill. Ann. Stat., ch. 110A, pars. 506 to 525, Committee Comments, at 15 (Smith-Hurd 1976).) The Supreme Court Rule does not conflict with section 197—12(a) of the Code of Criminal Procedure which states that, "Whenever a peace officer is authorized to arrest a person without a warrant he may instead issue to such person a notice to appear." The express purpose of the statutory provision is to:

"* * * provide procedures for getting persons into court without the necessity and inconvenience of an immediate arrest. Of course, if the person does not obey the summons or Notice to Appear an arrest warrant may issue. * * * Illinois recognizes the Notice to Appear procedure in traffic and municipal ordinance violations * * *." (Ill. Ann. Stat., ch. 38, par. 107—11, Committee Comments, at 210 (Smith-Hurd 1970).)

See also Ill. Rev. Stat. 1975, ch. 95½, pars. 11—610, 16—106; *cf. People v. Palmer*, 62 Ill. 2d 261, 266 (1976); *People v. Brausam*, 83 Ill. App. 2d 354, 363 (1967).

The provision of the supreme court for preset bonds when there is an

---

[1] The rule has been amended to substitute "citation and complaint" for "traffic ticket" and to increase the amount of cash bail. The Note preceding Supreme Court Rule 526 adds: "Nothing in these rules is intended to limit a peace officer's discretion to issue a Notice to Appear in an appropriate case." Order revising Illinois Supreme Court Rules 501 through 556 entered February 17, 1977 (66 Ill.2d R. 526).

arrest and the provision of the Criminal Code statute that a notice to appear may issue in lieu of an arrest are not inconsistent. They are alternative procedures for serving the convenience of both the offender and enforcement authorities. The alternative use of the notice to appear is also recognized in Supreme Court Rule 505 which relates to notice to offenders. (Ill. Rev. Stat. 1975, ch. 110A, par. 505.) We therefore conclude that the trial court erred in dismissing the complaint because of the city's nonuse of Supreme Court Rule 526.

We note that nothing in Supreme Court Rule 526 as applicable here, or as subsequently amended, however, authorizes the entry of an ex parte judgment for failure of the cited motorist to appear. In the event of nonappearance a summons or warrant of arrest would issue to give the court authority to proceed to judgment. See Ill. Rev. Stat. 1975, ch. 38, par. 107—12.

The case is remanded with directions to reinstate the complaint and for further proceedings in accordance with law and not inconsistent with this opinion.

Reversed and remanded.

NASH and WOODWARD, JJ., concur.

