THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HAL G. KOLLER, Defendant-Appellant.

Second District    No. 80-84

Opinion filed October 15, 1980.

Eileen Kavanagh, Jerome G. McSherry, and Mel Cahan, all of Lurie & Cahan, of Chicago, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Penny Brown, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant was issued a uniform citation and complaint on August 28, 1979, charging him with "Failure to Reduce Speed to Avoid an Accident," in violation of section 11—601(a) of the Motor Vehicle Code (Ill. Rev.

Stat. 1977, ch. 95½, par. 11—601(a)). He now appeals from the denial of his motion to vacate an *ex parte* judgment entered against him for that offense on December 12, 1979.

Defendant contends (1) that the judgment is void because the trial court exceeded its statutory authority and (2) that the trial court abused its discretion in refusing to thereafter vacate the judgment.

The citation, when issued by the traffic officer, required defendant to appear before the Circuit Court of Lake County at Branch No. 7 in North Chicago, on or before October 2, 1979. On that date defendant's appearance was entered by his attorney, and his motion for a continuance was granted by the court; the case was thereupon set over for trial to October 30, 1979, at 3 p.m. Neither defendant nor his attorney appeared for the scheduled trial, however, and the court, on its own motion, continued the case for trial on December 12, 1979. Again, on this trial date, neither defendant nor his attorney appeared in court and judgment was thereupon entered against him for $25 and $10 court costs.

Defendant filed a motion to vacate the judgment on January 4, 1980, and he there set forth that he was attending college in the State of Florida and because of his commitments there had been unable to be present in court on the dates in question. He asserted he was not guilty of the charge brought against him and had a constitutional right to a hearing of the charges even if he was not able to be present. After hearing, the trial court denied defendant's motion, and he appeals.

In contending the trial court was not authorized to enter the *ex parte* judgment, defendant notes that the citation issued to him indicates that the accident giving rise to the charge resulted in a personal injury. This conclusion may be based upon the fact that a box on the citation labeled "PI" was checked describing the type of accident involved; no other evidence is seen in the record relating to injuries which may have been sustained by anyone. Defendant argues then that his appearance was required in court pursuant to Supreme Court Rules 551(c) and 556(c) (Ill. Rev. Stat. 1977, ch. 110A, pars. 551(c) amd 556(c)) and that the entry of an *ex parte* judgment is authorized by Supreme Court Rule 556(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 556(b)) only where a court appearance is *not* required.

Rule 551 lists those traffic violations for which a court appearance is mandatory, and Rule 556(c) provides that in such cases if defendant fails to appear his bail shall be forfeited and a complaint may be filed and summons or warrant of arrest may issue. In those cases in which a court appearance is not required Rule 556(b) provides that where a defendant has signed a statement consenting to entry to an *ex parte* judgment against him if he fails to appear the court may enter such a judgment.

■■ It is apparent in the present case defendant was not charged with a mandatory appearance offense and that the trial court was authorized to

enter the *ex parte* judgment on his failure to appear in court. Although the offense for which he was cited is not included in Rule 551(b) as one requiring his appearance, defendant contends that as a personal injury occurred Rule 551(c) mandates his court appearance and thus prohibited the *ex parte* judgment. This provision requires a court appearance for "any traffic offense which results in an accident causing the death of any person or injury to any person other than accused." The officer issuing the citation to defendant marked the box "May be paid by mail" rather than "Must appear in court," and we cannot infer from the record before us that injuries were sustained by someone other than defendant. In addition, defendant signed the statement included on the citation in which he consented to entry of an *ex parte* judgment against him should he fail to appear. Under these circumstances the trial court was authorized to enter the judgment of which defendant now complains. Cf. *City of Naperville v. Lawrentz* (1977), 51 Ill. App. 3d 798, 367 N.E.2d 230.

■■ Defendant also urges the insufficiency of the citation to state the offense against him because of its conclusionary language and lack of specificity. We do not agree. The charge was stated in writing and identified the offense by its name and statutory citation on the uniform traffic ticket form (see *People v. Tammen* (1968), 40 Ill. 2d 76, 237 N.E.2d 517; *People v. Stergar* (1979), 77 Ill. App. 3d 660, 396 N.E.2d 312), nor did defendant request a bill of particulars if further facts were required to assist him in preparing a defense. *People v. Daley* (1977), 48 Ill. App. 3d 289, 362 N.E.2d 1084.

■■ Defendant's further contention the trial court abused its discretion in denying his motion to vacate the judgment against him is not convincing, although presented in apt time after entry of the judgment. (Ill. Rev. Stat. 1977, ch. 110, par. 50(5).) After being allowed an initial continuance of trial defendant ignored two subsequent trial dates set by the court. The record does not disclose that defendant informed the trial court before the judgment was entered of his absence from the State for educational purposes; this factor was mentioned for the first time in his motion to vacate the judgment. Had defendant seen fit by appropriate motion presented before any of the three trial dates to advise the court of his circumstances it is most likely that a more convenient date would have been fixed for his trial. He did nothing, however, and in our view the trial court correctly refused to vacate the judgment against him. The crowded court dockets and needs of other, ready litigants do not allow for the casual interest taken in this case by defendant.

For these reasons the judgment of the Circuit Court of Lake County will be affirmed.

Affirmed.

SEIDENFELD, P. J., and UNVERZAGT, J., concur.