**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**LaShawn P. JILES, Defendant–Appellant.**

No. 96–1872.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 7, 1996.

Decided Dec. 10, 1996.

Lisa T. Warwick, Chris Larsen (argued), Thomas P. Schneider, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Ann Auberry (argued), Milwaukee, WI, for Defendant–Appellant.

Before FLAUM, DIANE P. WOOD and EVANS, Circuit Judges.

FLAUM, Circuit Judge.

This case presents the issue of whether a default judgment entered against a defendant constitutes a "prior sentence" for purposes of assessing criminal history points under the United States Sentencing Commission Guidelines. *See* USSG § 4A1.1 & .2(a) (1995). Appellant LaShawn Jiles was convicted of armed bank robbery and of using and carrying a firearm in relation to a crime of violence. At sentencing, the district court assessed the appellant criminal history points based on municipal ordinance violations for assault and battery and retail theft arising from five separate default judgments entered due to the appellant's failure to appear in municipal court.

Jiles does not dispute that penalties awarded for these types of municipal violations are properly considered prior sentences under the Sentencing Guidelines. Because retail theft and assault and battery are municipal offenses which are also violations of state criminal law, sentences for such offenses are treated as if the defendant had been convicted under state law.[1] *See* USSG § 4A1.2, comment. (n. 12). Rather, appellant argues that these judgments, because they were entered as a result of his failure to appear rather than his personal plea of guilty or no contest, do not sufficiently establish his guilt and therefore should not be considered in computing his criminal history level. The district court rejected this argument. Because we agree that federal sentencing is not a proper forum in which to challenge prior convictions, we affirm the sentence imposed by the district court. ·

## I.

As an initial matter, we note that a plain reading of the Sentencing Guidelines in conjunction with Wisconsin law does not support appellant's argument that a default judgment in Wisconsin does not constitute a sufficient

---

1. Under Wisconsin law, a municipal ordinance "which prohibits conduct which is the same or similar to conduct prohibited by state statute" is referred to as a "general statutory counterpart ordinance." WIS.STAT.ANN. § 800.001 (West Supp.1995–1996).

adjudication of guilt under the Sentencing Guidelines. Under Wisconsin law, a person charged with a municipal violation who fails to appear in court is deemed to have entered a plea of no contest, in other words a plea of *nolo contendere*. *See* WIS.STAT.ANN. § 800.09(2)(b) (West Supp.1995–1996). The Sentencing Guidelines provide that a plea of nolo contendere is considered an adjudication of guilt and that a sentence imposed pursuant to such a plea is properly considered a "prior sentence."[2] *See* USSG § 4A1.2(a)(1) (defining "prior sentence" as "any sentence imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense.").[3] In addition, common sense would lead one to conclude that default judgments must constitute "prior sentences" for purposes of assessing criminal history points. A contrary rule would create a perverse incentive: a defendant's failure to appear in court would prevent the use of the conviction as the basis for enhancing a subsequent federal sentence.

Acknowledging this dilemma, Jiles does not argue that a sentence imposed by a court as a result of a defendant's failure to appear can never constitute a "prior sentence" for purposes of assessing criminal history points. Jiles does argue, however, that a no-contest plea that has been deemed by the court to have been entered as a result of a defendant's failure to appear should be distinguished for purposes of sentencing from a no-contest plea which has been personally entered by a defendant. Appellant contends that the former is unreliable evidence of a

---

2. Wisconsin law also indicates that a plea of nolo contendere constitutes an adjudication of guilt. Section 800.09(2)(a) of the Wisconsin Statutes, which deals with municipal court procedure, provides: "If a defendant pleads guilty or no contest, the court shall convict the defendant of the offense charged and render judgment."

3. We disagree with appellant's assertion that this court's decisions regarding the use of diversionary dispositions in criminal history scoring support his contention that a default judgment does not constitute a sufficient adjudication of guilt. Our cases have recognized that, under the Sentencing Guidelines, a diversionary disposition is not counted as a prior sentence unless there has been a judicial determination or admission of guilt. See *United States v. Gordon*, 64 F.3d 281,

---

defendant's guilt absent evidence that the defendant had notice of either the municipal citation or the default judgment. In the "worst case scenario" painted by the appellant, if an action were commenced by mailing a summons to a defendant and both the summons and the notice of the default judgment were mailed to an incorrect address, the defendant would have no notice of the action and no opportunity to seek relief from the default judgment. Jiles therefore suggests that this court adopt a rule requiring that the state bear the burden of demonstrating that the defendant received notice of either the municipal citation or the default judgment before the default judgment can be considered a prior sentence. We decline to adopt appellant's suggestion.

## II.

First, both the Supreme Court and this court have held that federal sentencing is not a permissible forum in which to challenge the validity of a prior conviction. *See Custis v. United States*, 511 U.S. 485, 493–96, 114 S.Ct. 1732, ——–——, 128 L.Ed.2d 517 (1994) (declining "to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to appointed counsel established in *Gideon*"); *United States v. Covarrubias*, 65 F.3d 1362, 1372 (7th Cir.1995); *United States v. Arango–Montoya*, 61 F.3d 1331, 1336 (7th Cir. 1995); *United States v. Hoggard*, 61 F.3d 540, 542 (7th Cir.1995); *United States v. Rogers*, 45 F.3d 1141, 1143 (7th Cir.1995); *United States v. Killion*, 30 F.3d 844, 846 (7th Cir.1994), *cert. denied, Killion v. United*

---

284 (7th Cir.1995); *United States v. Kozinski*, 16 F.3d 795, 811–12 (7th Cir.1994), cert. denied, *Gordon v. United States*, —— U.S. ——, 116 S.Ct. 743, 133 L.Ed.2d 691 (1996); see also USSG § 4A1.2(f) (A diversionary disposition is counted as a sentence if it "result[s] from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding...."). In *Kozinski*, we held only that an order of supervision was not properly considered a prior sentence, as Illinois courts can enter such an order without making a finding as to the defendant's guilt. 16 F.3d at 811–12. Because *Kozinski* involved an order of supervision, not a plea of nolo contendere or a default judgment, it is factually and theoretically distinguishable from the case at bar.

*States,* —— U.S. ——, 115 S.Ct. 954, 130 L.Ed.2d 896 (1995); *United States v. Burnom,* 27 F.3d 283, 284 (7th Cir.1994). Neither the Constitution, *see Custis,* 511 U.S. at 496, 114 S.Ct. at ——, nor the Sentencing Guidelines, *see United States v. Mitchell,* 18 F.3d 1355, 1359–60 (7th Cir.1994), confer on a defendant the right to attack collaterally a prior conviction used in sentencing. The Court's decision in *Custis* and the decisions of this court make clear that Jiles could not have challenged the validity of his municipal convictions at sentencing. Appellant is therefore certainly not entitled to a rebuttable presumption that all default judgments arising from a defendant's failure to appear are invalid for purposes of enhancing federal sentences.

■ As the Supreme Court recognized in *Custis,* "by challenging the previous conviction, the defendant is asking a district court to deprive the state court judgment of its normal force and effect in a proceeding that has an independent purpose other than to overturn the prior judgment." 511 U.S. at 497, 114 S.Ct. at —— (internal quotations omitted); *see also Mitchell,* 18 F.3d at 1361 ("[A] federal court uses a past conviction as one of many considerations in determining the length of a defendant's incarceration for his present crime. At sentencing a federal court is not being asked to approve, enforce, or vacate the prior conviction, but merely to determine a proper federal sentence for a federal crime."). In this case, Jiles asks that the district court deprive five municipal default judgments of their normal force and effect on the basis of nothing but pure speculation as to whether he received adequate notice that he was required to appear in court. Such speculation is inappropriate given the "strong presumption of regularity" which applies to state judicial proceedings. *See Hoggard,* 61 F.3d at 543; *Cuppett v. Duckworth,* 8 F.3d 1132, 1137 (7th Cir.1993), *cert. denied,* 510 U.S. 1180, 114 S.Ct. 1226, 127 L.Ed.2d 571 (1994) (case analyzing validity of state court conviction used in sentence enhancement and recognizing that

presumption of regularity exists even when no transcript of proceedings is available). Challenges to prior state convictions raised during federal sentencing proceedings therefore both unnecessarily and inappropriately "undermine confidence in the integrity of [state] procedures," *Custis,* 511 U.S. at 497, 114 S.Ct. at ——.

■ In addition to offending principles of finality and comity, appellant's suggestion is administratively infeasible. *See Custis,* 511 U.S. at 496, 114 S.Ct. at —— (stating that "ease of administration" supports Court's decision to prohibit challenges to prior convictions at sentencing). To determine whether a defendant who has had a municipal default judgment entered against him received adequate notice of the default judgment, a district court would be required to determine the manner, whether by citation or summons, in which the action was commenced; if a summons was issued, the manner in which the summons was served; and, if service was by publication and mailing, whether the summons was mailed to the proper address. Such an inquiry would require a federal sentencing court "to rummage through frequently nonexistent or difficult to obtain state court ... records that may ... come from any one of 50 States," *id.,* and, in this case, records which may be ten years old.[4] Conducting the type of "mini-hearing" that the appellant recommends is therefore not only an inappropriate use of scarce judicial resources, *Mitchell,* 18 F.3d at 1360, but would also serve to "delay and impair the orderly administration of justice," *Custis,* 511 U.S. at 497, 114 S.Ct. at ——. We therefore hold that convictions arising from municipal default judgments are appropriately considered "prior sentences" under the Sentencing Guidelines and may not be challenged at sentencing.

## III.

■ Additionally, we note that we are not as troubled as appellant by his envisioned "worst case scenario" in which a defendant is unaware that he has received a municipal

---

**4.** Sentences not resulting in imprisonment are counted for assessing criminal history points if the sentence was imposed "within ten years of

the defendant's commencement of the instant offense...." USSG § 4A1.2(e)(2).

282

citation or that a default judgment has been entered against him. First, this risk arises only in those cases in which the municipal action is commenced by the issuance of a summons rather than by the direct citation of the defendant. Second, Wisconsin's service of process laws are designed to ensure defendants receive notice in accordance with concepts of due process.[5] The failure to comply with these procedures would make a default judgment void for lack of personal jurisdiction over defendant and the judgment could be expunged by a court at any time. *West v. West,* 82 Wis.2d 158, 262 N.W.2d 87, 90 (1978). A defendant who "is successful in attacking [his] state sentences, . . . may then apply for reopening of any federal sentence enhanced by the state sentences." *Custis,* 511 U.S. at 497, 114 S.Ct. at ——.

■ Lastly, a defendant who failed to receive notice of the action, despite the fact that the summons was served in compliance with Wisconsin law, is not without recourse.[6] Wisconsin law allows a defendant six months to seek relief from a default judgment under certain enumerated conditions, including upon a showing of excusable neglect. In addition, Wisconsin law provides that a defendant in an action involving a general statutory counterpart ordinance, such as is at issue in the case at bar, can move for relief from a default judgment at any time under the catch-all provision of Wisconsin's relief from judgment statute. *See* WIS.STAT.ANN. § 800.115 (West Supp.1995–1996) & § 806.07(h) (West 1994). Under this provision, a court has jurisdiction to vacate a judgment at any time on equitable grounds.

**5.** Under Wisconsin law, a summons must be served on the defendant personally or on a member of the defendant's family at the defendant's usual place of abode. WIS.STAT.ANN. § 801.11(1)(a) & (b). Only if service cannot with reasonable diligence be made by one of these two methods is service by mail and publication permitted. *Id.* § 801.11(1)(c). These procedures substantially reduce the likelihood that a defendant will not receive notice that he is required to appear in municipal court.

**6.** Counsel for the appellant recognizes that this avenue of recourse exists but argues that, under a worse "worst case scenario," there is no guarantee that a defendant will become aware that the default judgment has been entered so as to allow him to vacate the judgment within the time

*See Welty v. Heggy,* 124 Wis.2d 318, 369 N.W.2d 763, 771 (App.1985) (noting that this statute should be liberally construed to allow relief whenever appropriate to accomplish justice). The Wisconsin courts therefore provide an available and appropriate forum in which to challenge the validity of a default judgment. As we explained in *Mitchell,* "[a] defendant's failure to use those alternative means cannot be transformed into a call for a federal sentencing court to entertain the belated challenge to a prior conviction." 18 F.3d at 1361.

Because we conclude that the district court properly held that Jiles could not challenge the validity of his prior convictions at sentencing, we AFFIRM the sentence imposed by the district court.

limits imposed by Wisconsin law. Both the United States Attorney and counsel for the appellant mistakenly suggest that a defendant has only six months to seek relief from a default judgment. The United States Attorney erroneously cites section 800.04(3)(a) of the Wisconsin Statutes for the proposition that a defendant has six months to reopen a default judgment upon showing that the failure to appear was due to "mistake, inadvertence, surprise or excusable neglect." However, section 800.04(3)(c) explicitly states that "[t]his subsection does not apply to actions involving general statutory counterpart ordinances" and that "[t]hose actions are subject to s. 800.115." Section 800.115 provides a defendant a greater opportunity to seek relief from a default judgment on equitable grounds.