In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2058

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MANUEL VARGAS,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 98-CR-163--Thomas J. Curran, Judge.

Argued July 12, 2000--Decided October 16, 2000

Before RIPPLE, ROVNER and WILLIAMS, Circuit Judges.

PER CURIAM.  After pleading guilty to distributing one kilogram of cocaine, 21 U.S.C. sec. 841(a)(1), Manuel Vargas was sentenced based on the district court's assessment of five criminal history points. On appeal, Mr. Vargas contends that the district court erred in assessing a point based on a bond forfeiture and in refusing to depart downward from Criminal History Category III, which Mr. Vargas claims overrepresents the seriousness of his criminal conduct. For the reasons set forth in the following opinion, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

   Mr. Vargas' presentence investigation report (PSR) describes an incident in which Mr. Vargas was arrested for possession of cannabis in violation of a municipal ordinance in the town of Cicero, Illinois. Although the PSR lists the incident under the heading "Adult Criminal Convictions," it describes the disposition only as a "bond forfeiture" in the amount of $75. At sentencing, Mr. Vargas objected to the assessment of a criminal history point based on the disposition, arguing that it reflected only his failure to appear in court and not an adjudication of guilt on the underlying drug charge. Although the government never produced a

judgment relating to the incident, the district court construed the forfeiture as a prior sentence and assessed Mr. Vargas a criminal history point based on it. See U.S.S.G. sec. 4A1.1(c). The point assessed for the forfeiture did not affect Mr. Vargas' criminal history category, however, because his other convictions already had placed him in Category III.

Under the sentencing guidelines, defendants are assessed criminal history points for prior sentences "imposed upon adjudication of guilt." See U.S.S.G. sec.sec. 4A1.1, 4A1.2(a)(1). Sentences based on local ordinance violations are included if the conduct underlying the violation constitutes a criminal offense under state law. See id. sec. 4A1.2(c)(1). Defendants are then assigned to a criminal history category based on their criminal history points and typically are sentenced according to the sentencing range that category prescribes. Sentencing courts, however, may depart from the otherwise applicable guideline range if the category "significantly over-represents the seriousness of a defendant's criminal history." Id. sec. 4A1.3, p.s.

On appeal, Mr. Vargas renews his arguments that the assessment of a criminal history point based on the bond forfeiture was improper because the forfeiture did not constitute an adjudication of guilt on the underlying drug charge and that the district court should have departed downward because Category III overrepresented his criminal history. Mr. Vargas does not dispute that a conviction based on the ordinance in question would have counted for criminal history purposes because the conduct proscribed by the ordinance also violates Illinois criminal law. See id. sec. 4A1.2(c)(1); 720 ILCS 550/4.

In response, the government contends that this case is similar to United States v. Jiles, 102 F.3d 278, 279-80 (7th Cir. 1996). In that case, the district court assessed criminal history points based on default judgments entered against the defendant after he failed to appear in court on charges of violating municipal ordinances in Wisconsin. In Jiles, this court noted that a plain reading of the sentencing guidelines in conjunction with Wisconsin law (the latter provides that a person who fails to appear on a municipal violation is deemed to have entered a plea of no contest) offered no support for the argument that the judgments were not adjudications of guilt. See id. But the government offers no authority to suggest that an Illinois bond forfeiture is equivalent to a default judgment of conviction on the underlying charge or that Mr. Vargas' failure to appear constituted a nolo contendere plea to the

ordinance violation. Moreover, the government has not produced any judgment--forfeiture or default--entered against Mr. Vargas. In light of this failure of proof on the part of the government, the district court's assessment of a point based on the forfeiture was erroneous. See, e.g., United States v. DiPina, 178 F.3d 68, 75 (1st Cir. 1999) (government carries burden of showing that what happened in the prior proceeding was in substance a plea of guilty or nolo as required by sec. 4A1.2(a)(1)); United States v. Booker, 71 F.3d 685, 688 (7th Cir. 1995) (government has threshold burden of proving fact of conviction).

In this regard, we note that, even if a judgment had been entered against Mr. Vargas based on his failure to appear, it is unclear that it would satisfy the "adjudication of guilt" element of sec. 4A1.2(a)(1). A judgment entered pursuant to 725 ILCS 5/110-7(g), when an accused has failed to surrender within 30 days of notice of the forfeiture of his bail, is a "civil judgment on the bond in lieu of criminal prosecution," see People v. Woollums, 379 N.E.2d 1385, 1388 (Ill. App. Ct. 1978) (emphasis added). Illinois Supreme Court Rule 556(b), in contrast, permits the entry of an "ex parte judgment against the defendant" for fines and costs in cases where a court appearance is not required and the defendant, after posting bail, fails to appear. See Ill. Sup. Ct. R. 551, 556(b). Illinois courts have indicated that such judgments are judgments "for" the underlying offense, see People v. Koller, 411 N.E.2d 1209, 1210-11 (Ill. App. Ct. 1980), and this court has held that such judgments constitute adjudications of guilt on the underlying offense, see United States ex rel. Woollums v. Greer, 728 F.2d 918 (7th Cir. 1984). Thus, the government's failure to offer any evidence to supplement the vague reference in the PSR is especially problematic in this case.

The government also argues that if the assessment of the point was error, it was harmless error and that the district court's refusal to depart downward under sec. 4A1.3 is unreviewable. In the context of this case, we cannot accept this contention. The denial of a downward departure under sec. 4A1.3 is reviewable if predicated on a legal error. See United States v. Williams, 198 F.3d 988, 994-95 (7th Cir. 1999). Here, an erroneous conclusion of law that led to the assessment of the extra point might have affected the district court's departure decision because Mr. Vargas would have had one fewer conviction than the district court assumed. That Mr. Vargas did not specifically explain how these two arguments are related is of no consequence. The parties and the court were sufficiently focused on what Mr. Vargas believed

was wrong with his sentence.

Because we cannot be certain that the error that led to the assessment of the extra point did not also affect the district court's departure decision, we vacate Mr. Vargas' sentence and remand the case to the district court for resentencing.

VACATED and REMANDED