**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tyrone WILLIAMS, Defendant–
Appellant.**

No. 02–4309.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 10, 2003.

Decided Dec. 19, 2003.

James P. Fleissner, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Tyrone Williams, pro se, Lisbon, OH, for Defendant–Appellant.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

## ORDER

Tyrone Williams, a felon, was indicted for possessing a .38 caliber revolver, 18 U.S.C. § 922(g), and 5.8 grams of crack, 21 U.S.C. § 844(a). After his first trial resulted in a hung jury, a second jury found him guilty on both counts, and he was sentenced to concurrent terms of 188 months' imprisonment, and concurrent terms of five years' and three years' supervised release. Williams filed a notice of appeal, but his appointed lawyer now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, and Williams has filed a response as permitted by Circuit Rule 51(b). We limit our review to those potential issues identified by counsel and by Williams in his Cir. R. 51(b) response. *See United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir.2002).

■ Counsel first analyzes whether Williams could argue that the selection process and racial composition of the jury violated the Sixth Amendment. At Williams's second trial only 5.13% of the venire was black. Williams moved for a new venire, and later for a new trial, arguing that this was not a representative cross-section of the population. He conceded, however, that he had no evidence of systematic exclusion of blacks in the jury selection process. *See Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); *United States v. Alanis,* 265 F.3d 576, 583 (7th Cir.2001). The district court concluded that the 5.13% figure was "strictly luck of the draw." *See United States v. Guy,* 924 F.2d 702, 706 (7th Cir. 1991). We agree with counsel that it would be frivolous to argue that the racial composition of the jury violated Williams's rights under the Sixth Amendment.

■ Counsel next considers whether Williams could argue that the evidence at trial was insufficient to support his convictions, and that the district court should therefore have granted his post-trial motion for judgment of acquittal. The evidence against Williams consisted of testimony from two police officers that, after hearing gunshots around midnight on October 11, 2001, they found Williams with a .38 caliber revolver in his hand and 5.8 grams of crack on his person. The only contrary evidence was from a neighbor who testified that he was with Williams earlier that night, that the two of them heard shots shortly before Williams was arrested, and that Williams did not have a gun on him that night. Given that we would review the evidence in the light most favorable to the government, *see United States v. Galati,* 230 F.3d 254, 258 (7th Cir.2000), we agree with counsel that it would be frivolous to argue that the district court abused its discretion in denying Williams's motion for acquittal.

Finally, counsel considers whether Williams could challenge his prison terms. As counsel notes, Williams offered no objection to the PSR (besides correcting a computational error); he conceded that he qualified as an armed career criminal, *see* 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4, and that the guideline range calculation was correct. He thus waived any objections, *see United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000), and cannot raise them for the first time on appeal. We therefore agree that any such challenge would be frivolous.

Williams sets out two possible arguments in his response to counsel's *Anders* brief. First, he cites 40 U.S.C. § 255 to suggest that the federal government had no territorial jurisdiction to prosecute the case against him. But that section, which describes how the federal government may

acquire exclusive jurisdiction over land that it purchases, *see United States v. Johnson*, 426 F.2d 1112, 1114–15 (7th Cir. 1970), does not divest the government of jurisdiction to enforce federal law on land that it does not own. Williams's second argument is equally frivolous. He notes that the court relied on three prior felony convictions to find him an armed career criminal. He then claims that under U.S.S.G. § 4A1.2(e), two of those convictions had expired. But that section of the sentencing guidelines is used only to calculate criminal history points, *see, e.g., United States v. Jiles*, 102 F.3d 278, 281 n. 4 (7th Cir.1996), and has nothing to do with the definition of armed career criminal in 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal. We deny Williams' motion for appointment of new counsel.