**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 11, 2005
Decided August 11, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-3431

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    v.<br><br>DANIEL T. STORM,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin<br><br>No. 03-CR-143<br><br>Charles N. Clevert, Jr.,<br>*Judge.* |

**O R D E R**

Daniel Storm was arrested after flying a small plane packed with marijuana from Texas to Wisconsin.  After executing a written plea agreement, Storm pleaded guilty to conspiring to distribute and possess with intent to distribute marijuana, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 79 months' imprisonment and five years' supervised release.  Storm filed a notice of appeal, but his counsel contends that there are no nonfrivolous issues to argue and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967).  Counsel has filed a facially adequate brief in support of that motion.  Storm, for his part, has accepted our invitation to respond, *see* Cir. R. 51(b).  Limiting our review to potential issues identified in counsel's brief and Storm's response, *see United States v. Schuh*, 289 F.3d 968,

973–74 (7th Cir. 2002), we agree with counsel that raising these potential issues would be frivolous.

Counsel first asks whether Storm could challenge his guilty plea, but she informs us that Storm does not want to withdraw that plea.  Therefore, counsel appropriately omits any potential issues relating to the plea colloquy or voluntariness.  *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Next, counsel considers whether Storm might argue that a criminal history point assessed for a prior municipal sentence was error because that sentence was imposed upon Storm's failure to appear in court rather than upon a merits hearing to determine his guilt.  The sentence resulted from Storm's violation of a local ordinance codifying the state crime of damage to property, Wis. Stat. § 943.01.  If the ordinance violated also constitutes a crime under state law, then a municipal sentence counts towards a defendant's criminal history.  *See* U.S.S.G. § 4A1.2(c)(1) & comment. (n.12).  That is so even if the sentence was imposed as a result of the defendant's failure to appear rather than after a hearing.  *United States v. Skoczen*, 405 F.3d 537, 551 (7th Cir. 2005); *United States v. Jiles*, 102 F.3d 278 (7th Cir. 1996).  And contrary to a suggestion by Storm, the sentence must count even if he did not have a lawyer before the municipal court, *see Nichols v. United States*, 511 U.S. 738 (1994).

Additionally, counsel explores whether Storm might argue that the district court should have treated three sets of prior prison sentences exceeding one year and one month as a single sentence—for a combined three points rather than the nine the court actually assessed—because the sentences were imposed in "related cases."  These prior sentences arose from convictions for:  1) consolidated federal offenses committed in 1986 including conspiracy to distribute cocaine, 2) consolidated federal offenses of attempted tax evasion and dealing in firearms without a license, both committed during 1985, and 3) a Wisconsin state misdemeanor of false swearing as a habitual offender for testimony given during 1988 and 1994.

Prior sentences are considered related only if they resulted from offenses that occurred on the same occasion, were part of a single common scheme or plan, or were consolidated for trial or sentencing.  *United States v. Brown*, 209 F.3d 1020, 1023 (7th Cir. 2000).  Because Storm's offenses neither occurred on the same occasion nor were all consolidated together, counsel explains that they could be related only if they were part of a single common scheme or plan—which is to say that Storm intended to commit the crimes from the outset or that committing one crime entailed committing the other, *see United States v. Sykes*, 357 F.3d 672, 675–76 (7th Cir. 2004); *Brown*, 209 F.3d at 1023.  Storm suggests, however, that the offenses were part of the same scheme or plan because they involved a common

thread, namely $90,000 that he obtained in the 1986 drug conspiracy, that (he says) he failed to report on his 1985 income taxes, and that was the subject of his perjury in 1998 while in prison. Yet counsel correctly observes that such an argument would fail without evidence that Storm intended to commit all these crimes from the outset. Counsel also notes that, in any case, Storm introduced no evidence to show that the firearms offense (which itself resulted in a five-year consecutive sentence) was in any way part of a common scheme or plan with the 1986 drug conspiracy or false-swearing cases. Moreover, as counsel notes, prior cases are unrelated if separated by an intervening arrest, U.S.S.G. § 4A1.2 comment. (n.3); *United States v. Morgan*, 354 F.3d 621, 623 (7th Cir. 2003), and here Storm's arrest for the drug conspiracy separated the other offenses from the state offense of false swearing.

Counsel next considers whether Storm could argue that the district court erred by sentencing him under the formerly mandatory regime, *see United States v. Booker*, 125 S. Ct. 738 (2005). But counsel explains that Storm—even though he was aware of this court's holding in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004)—requested to be sentenced under the guidelines as mandatory. And now, Storm continues to insist in his response that any resentencing must be done under the mandatory regime because, he says, that's what was promised in his plea agreement. This constitutes a waiver of his right to be sentenced under the new advisory regime. We enforce such waivers. *See United States v. Peterson*, Nos. 04-2807, 04-2856, 2005 WL 1661259, at *3 (7th Cir. July 18, 2005); *United States v. Bownes*, 405 F.3d 634, 636–37 (7th Cir. 2005).

Finally, we disagree with baseless suggestions in Storm's response that he might argue that the district court erred by imposing a condition of supervised release requiring him to provide his probation officer with access to personal financial information or a condition requiring drug testing.

Therefore, we GRANT counsel's motion to withdraw and DISMISS Storm's appeal.