**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2007
Decided March 8, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-2626

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>ANTONIO C. BOYD,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin<br><br>No. 05-CR-154-C-01<br><br>Barbara B. Crabb,<br>*Chief Judge.* |

**O R D E R**

Antonio C. Boyd pleaded guilty to one count of being a felon in possession of a firearm and ammunition, *see* 18 U.S.C. § 922(g)(1), and was sentenced to 75 months' imprisonment and three years' supervised release. Boyd filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because she is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Boyd has not responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We therefore limit our review to the potential issues identified in counsel's brief. *See United States v. Schuh,* 289 F.3d 968, 974 (7th Cir. 2002).

In September 2005 Boyd got into an argument with another individual on a street in Superior, Wisconsin, pulled out a gun, and fired a shot into the air. Soon thereafter the police arrived. They arrested Boyd after they found ammunition on him and a gun in nearby bushes, resulting in this criminal case for unlawful firearms and ammunition possession.

Boyd had previously been convicted under Wisconsin law of battery/habitual criminality. When preparing Boyd's PSR, the probation officer determined that this prior conviction met the definition of a felony conviction for a crime of violence, *see* U.S.S.G. §§ 2K2.1 cmt. n.1, 4B1.2 cmt. n.1. The probation officer therefore calculated a base offense level of 20 because the instant offense came after that felony conviction for a crime of violence, *see* § 2K2.1(a)(4)(A). Boyd's PSR included an additional four levels for possessing a firearm in connection with another felony offense, *see* § 2K2.1(b)(5). The other felony offense was reckless endangerment, which the probation officer determined that Boyd committed by firing a shot into the air in a residential neighborhood. Boyd received a three point reduction for acceptance of responsibility, resulting in a total offense level of 21. Boyd was placed in criminal history category V, with an applicable guidelines range of 70 to 87 months' imprisonment.

Boyd objected to the PSR prior to his sentencing hearing. He argued that his prior battery conviction should not be classified as a felony because it would have been a misdemeanor but for the habitual criminality enhancement. Boyd also objected to the inclusion in his criminal history of a judgment entered against him for operating a vehicle while intoxicated because it was a default judgment.

At the sentencing hearing, the district court overruled Boyd's objections and then addressed the sentencing factors under 18 U.S.C. § 3553(a)(1). With respect to Boyd's history and characteristics, *see* § 3553(a)(1), the district court acknowledged that Boyd had a difficult childhood, growing up without a father and losing his mother to cancer at the age of 16. But, the district court continued, Boyd responded by turning to drug use and criminal activity, and opined that his "very serious criminal history record" indicates an "inability to control [his] anger, [his] willingness to use physical force" and draw a gun on someone. The court also observed that Boyd's criminal activity spanned ten years with no indication that he took his responsibilities seriously since Boyd had accumulated "huge child support arrears payments" and rarely showed up for any gainful work. Based on these considerations plus the seriousness of his offense, *see* § 3553(a)(2)(A), and the need to protect the public from Boyd's "increasingly more dangerous criminal conduct," *see* § 3553(a)(2)(C), the court imposed a sentence toward the middle of the advisory guidelines range. The court also stated that this sentence would afford Boyd "adequate opportunity to participate in much needed rehabilitative programming,"

including vocational training and drug and mental health treatment, *see* § 3553(a)(2)(D).

First, counsel has considered whether Boyd could argue that his guilty plea was not knowing and voluntary and therefore should be set aside. But, as counsel notes, Boyd does not wish to have his plea vacated, and thus we need not consider this potential argument. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next considers whether Boyd could argue that his prior battery/habitual criminality conviction should not have been used to increase his base offense level. Boyd's battery conviction was classified as a misdemeanor by the Wisconsin county court, *see* Wis. Stat. § 940.19(1), but he was also charged with and convicted of being a habitual offender under Wisconsin law. The applicable statute states that "[i]f the actor is a repeater . . . the maximum term of imprisonment . . . may be increased to not more than 2 years." Wis. Stat. § 939.62(1). A felony conviction, for purposes of the sentencing guidelines, is "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 2K2.1 cmt. n.1. Therefore, although Boyd's battery conviction was designated a misdemeanor, it is considered a felony for sentencing purposes. *See United States v. Peters*, 462 F.3d 716, 720 (7th Cir. 2006); *United States v. Bissonette*, 281 F.3d 645, 646 (7th Cir. 2002).

Next, counsel considers whether Boyd could challenge the inclusion of his default conviction for operating while intoxicated in his criminal history calculation. According to Boyd's PSR, a plea of no contest was entered after he failed to appear for his court date. The sentencing guidelines provide that a plea of *nolo contendere*, or no contest, is considered an adjudication of guilt and that a sentence imposed pursuant to such a plea is properly considered a "prior sentence." *See* § 4A1.2(a)(1). *See also United States v. Jiles*, 102 F.3d 278, 280-81 (7th Cir. 1996). Accordingly, any challenge to the inclusion of this prior conviction would be frivolous.

Finally, counsel considers whether Boyd could argue that his sentence was unreasonable. Because the term falls within the properly calculated guidelines range, it is presumed reasonable, and counsel says he cannot find any basis to rebut this presumption. *See United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005). Although the Supreme Court recently granted a writ of certiorari to consider whether it is consistent with *United States v. Booker,* 543 U.S. 220 (2005), to afford a presumption of reasonableness to a sentence within the guidelines range, *see United States v. Rita,* No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted,* 127 S. Ct. 551 (U.S. Nov. 3, 2006), even without the presumption any

challenge to the 75-month term imposed in this case would be frivolous. The district court considered the relevant factors under 18 U.S.C. § 3553(a), including his family history, lack of meaningful work history and individual responsibility, and the seriousness of his offense, *see United States v. Dean,* 414 F.3d 725, 729 (7th Cir. 2005). We thus agree with counsel that it would be frivolous for Boyd to argue that his sentence is unreasonable.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.