**NOT FOR PUBLICATION**

**FILED**

JAN 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10379 |
| Plaintiff-Appellee, | 20-10018 |
| v. | D.C. No. 2:16-cr-00057-LRH-VCF-1 |
| JIHAD ANTHONY ZOGHEIB, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted and Argued January 11, 2021
San Francisco, California

Before:  WALLACE and M. SMITH, Circuit Judges, and RESTANI,** Judge.

Defendant-Appellant Jihad Anthony Zogheib (Zogheib) pleaded guilty to eight counts of wire fraud in violation of 18 U.S.C. § 1343.  The district court sentenced Zogheib to ninety-six months' imprisonment and ordered restitution in the amount of $1,751,475.  Zogheib appeals his sentence and order of restitution.  This

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

court has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We **AFFIRM** in part, **REVERSE** in part, **VACATE** Zogheib's sentence and order of restitution, and **REMAND** the case for further proceedings consistent with this disposition.

**Sentence**

*Loss Calculation*

Zogheib claims that the district court erred in calculating a loss amount of $1,751,475 pursuant to U.S.S.G. § 2B1.1. Because the district court calculated a loss amount of over $1,500,000, the Sentencing Guidelines' range increased. *See id.* § 2B1.1(b)(1)(I).

We assume, without deciding, that the district court was required to find the loss amounts by clear and convincing evidence. *See United States v. Armstead*, 552 F.3d 769, 776 (9th Cir. 2008). We review the district court's factual findings for clear error. *United States v. Popov*, 742 F.3d 911, 914 (9th Cir. 2014).

First, as the Government acknowledges, the district court relied on an erroneous Government filing that used the wrong sum for the loss amount. The correct sum should have been $1,715,475, not $1,751,475. On remand, the district court should correct this error.

Second, we affirm the district court's loss amounts for victims K.L., K.W.,

2

P.N., and D.T. Zogheib argues that K.L. was able to obtain property that Zogheib purportedly owned previously and that the value of this property should be offset against the loss amount. The Sentencing Guidelines allow such an offset only if the property was returned before the offense was detected, or before the defendant should have known that the offense was detected. *See* U.S.S.G § 2B1.1 cmt. 3(E)(i). The record does not show that, even if Zogheib had owned the property, he returned the property to K.L. before the fraud was detected.

Additionally, the district court did not err when determining the loss amounts of K.W., P.N., and D.T. The district court can consider a variety of evidence at sentencing. *See United States v. Watts*, 519 U.S. 148, 152 (1997) (citing 18 U.S.C. § 3661); *United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009). We have no reason to believe that a default judgment is not proper evidence under § 3661. *See United States v. Jiles*, 102 F.3d 278 (7th Cir. 1996). Therefore, the district court properly relied on the default judgment for K.W. Zogheib's arguments about any money he repaid K.W. are unavailing, as the record shows that he was obligated to repay interest on loans to K.W. For P.N., the district court's reliance on text messages between Zogheib and P.N. and a copy of a civil judgment showing the loss amount support the district court's finding. Finally, for D.T., the combination of the settlement agreement and state court plea provided sufficient evidence for the district court's calculation.

Third, we reverse the district court on the loss amount for E.A. Although the district court did not err in relying on a default judgment, the evidence in the record does not connect the default judgment in question to E.A. The plaintiff in that default judgment has the initials "M.A.," not E.A. Additionally, the amount in the default judgment does not match the $250,000 loss amount that the district court included in the loss calculation for E.A. As a result, the default judgment contradicts the evidence at sentencing. Under either the preponderance or clear and convincing burdens of proof, it was clear error for the district court to find that the loss amount for E.A. was $250,000 based on the evidence in the record.

Because the combination of the district court's typographical error and the error for E.A.'s loss amount could push the total loss amount below $1,500,000, the Guidelines range could change. Therefore, we vacate the district court's sentence and remand for further factfinding.

*U.S.S.G. § 5G1.3 Adjustment*

Zogheib argues that the district court erred in assigning the Bureau of Prisons "the responsibility of calculating [Zogheib's] custodial time." Zogheib's first objection regarding the two Nevada counts merging into one term of imprisonment is without merit. Our decision in *United States v. Kimble*, 107 F.3d 712 (9th Cir. 1997), governs this matter.

The district court's pre-trial ruling under Federal Rule of Evidence 404(b)

does not govern the § 5G1.3 inquiry. The two provisions have different standards for admissibility and relevancy. *Compare United States v. Preston*, 873 F.3d 829, 840 (9th Cir. 2017), *with United States v. Hahn*, 960 F.2d 903, 910 (9th Cir. 1992). The conduct in Count Two of the Nevada indictment involved fraud of a different nature than Zogheib's frauds in this case. The district court did not clearly err, *see id.* at 907, in concluding that the conduct was not relevant, *see United States v. Allen*, 153 F.3d 1037, 1043 (9th Cir. 1998), as amended (Sept. 22, 1998). Thus, it was within the district court's discretion to apply § 5G1.3(d) and allow the Bureau of Prisons to calculate Zogheib's custodial time.

*Rule 35 Motion*

Like the district court, we assume, without deciding, that Zogheib's motion under Federal Rule of Criminal Procedure 35 was proper. To the extent that Zogheib repeats his arguments concerning the loss amounts and application of § 5G1.3, we affirm the district court, except for E.A.'s loss amount. Zogheib's argument that the district court allegedly relied on facts outside the record is without merit. Unlike in *Gardner v. Florida*, 430 U.S. 349, 358 (1977), the facts upon which the district court relied in denying the Rule 35 motion were disclosed in the Presentence Investigation Report, and the district court highlighted the same conduct at sentencing.

Based on the error for E.A.'s loss calculation, we vacate the sentence and remand for re-sentencing. Upon remand, the district court should again consider the

5

proper loss amount for E.A. and correct its typographical error.  Because we vacate Zogheib's sentence, we do not address Zogheib's arguments concerning the reasonableness of his sentence.  *United States v. Davis*, 854 F.3d 601, 606 n.3 (9th Cir. 2017).

**Order of Restitution**

Zogheib first challenges the order of restitution because E.A. and D.T. were not victims of the crimes charged in the federal indictment.  Title 18 U.S.C. § 3663A(a)(2) "plainly calls for restitution encompassing losses stemming from conduct throughout the scheme, and not only for the counts charged in the indictment."  *United States v. Anieze-Smith*, 923 F.3d 565, 573 (9th Cir. 2019).  Additionally, the Government need not show that the "loss . . . flow[ed] directly from the specific conduct that is the basis for the offense of conviction . . . if the offense 'involves as an element a scheme, conspiracy, or pattern of criminal activity.'"  *United States v. May*, 706 F.3d 1209, 1214 & n.4 (9th Cir. 2013) (quoting 18 U.S.C. § 3663A(a)(2)) (some internal quotation marks omitted).  Zogheib's conviction for wire fraud requires "the existence of a scheme to defraud."  *United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013).  The district court did not err in including restitution for E.A. and D.T.

Zogheib's challenges to restitution for K.W. and P.N. are identical to his challenges to the loss amounts for those two victims.  Having already affirmed the

loss calculations for K.W. and P.N., we likewise do so for the restitution order.

Zogheib also contests the restitution amount for K.L. Unlike the standard for offsetting a loss amount pursuant to U.S.S.G. § 2B1.1 cmt. 3(E)(i), 18 U.S.C. § 3664(j)(2) provides that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in . . . any State civil proceeding." The Government concedes that K.L. recovered the property at issue. We agree that the district court should conduct further factfinding as to whether the recovered property should reduce restitution for K.L. On remand, the district court should consider the property's value at the time K.L. sold it, if the victim did sell the property. *See Robers v. United States*, 572 U.S. 639, 641 (2014). The district court can also consider whether K.L. had any attorney's fees in recovering the property, though it can only consider fees that "were *directly*, not tangentially, related to [Zogheib's] offenses." *United States v. DeGeorge*, 380 F.3d 1203, 1221 (9th Cir. 2004).[1]

Finally, the district court might have made the same typographical error in its order of restitution as it did for the loss calculation.

---

[1] Zogheib requests that if this court remands on the restitution calculation for K.L. that he have "the opportunity to present evidence on remand that K.L.'s recovery of property reduced not just the restitution amount, but also the loss computation." As noted above, the standards governing the loss amount and restitution are different. The district court did not err in calculating K.L.'s loss amount, and we do not remand on that issue.

The district court should consider any potential reduction for K.L.'s restitution and correct any typographical error. Therefore, we vacate the order of restitution and remand for further proceedings consistent with this disposition.

**AFFIRMED IN PART, REVERSED IN PART, VACATED, AND REMANDED.**