┌─────────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 29, 2020
Decided February 26, 2020

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-2729

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:14-cr-00055-JD-MGG-1 |
| JAMES P. LEDONNE, *Defendant-Appellant*. | Jon E. DeGuilio, *Judge*. |

**O R D E R**

After James LeDonne pleaded guilty to two counts of mail and wire fraud, the sentencing court included in his Guidelines calculation an enhancement for obstruction of justice based on false statements he made to a probation officer about his criminal history. On appeal, LeDonne argues that the court erred in finding that his statements could support the enhancement. We see no such error and therefore affirm the sentence.

LeDonne, a purported manufacturer of specialized trucks and trailers, defrauded 65 customers of over $1.5 million through five counterfeit companies he created from 2008 to 2013. Under the scheme, LeDonne solicited deposits for purchase orders that he never fulfilled and provided false information to customers about production

schedules, delivery dates, and refunds. When some customers obtained civil judgments against LeDonne's companies for the funds he owed, he filed a series of bankruptcies to avoid paying the debts.

LeDonne was indicted on fourteen counts of mail and wire fraud, among other charges, and a probation officer conducted a pretrial-detention interview. In the interview, the officer asked LeDonne if he had a criminal history, and he initially denied any. When confronted with three earlier federal and state convictions in 1993 related to another fraud scheme (which the probation officer discovered in a pre-interview background check), LeDonne acknowledged the convictions and commented that the state convictions were "tied into the federal case." Regarding his assets and liabilities, LeDonne told the officer that he earned $10,000 a month, that he had an outstanding balance on a mortgage, that he had two vehicle loans, and that he had a couple of small medical bills. Based on these answers, the officer recommended releasing LeDonne on bond before trial.

The probation officer, however, later learned additional information about LeDonne's criminal history and financial liabilities—discoveries that led her to recommend instead that the court detain LeDonne before trial. First, the officer discovered that LeDonne had an Arizona misdemeanor conviction for disorderly conduct that he never disclosed. Second, she learned at the detention hearing that LeDonne owed hundreds of thousands of dollars in civil judgments.

LeDonne ultimately pleaded guilty to one count of wire fraud, 18 U.S.C. § 1343, and one count of mail fraud, *id.* § 1341.

Before sentencing, both parties objected to the PSR. As relevant to this appeal, the government objected to the probation officer's decision to exclude from the Guidelines calculation a two-level enhancement for LeDonne's obstruction of justice under U.S.S.G. § 3C1.1 for making three misleading statements at his pretrial detention interview. As the government explained, LeDonne initially denied and later minimized his criminal history, misrepresented his monthly income, and neglected to divulge the outstanding civil judgments against him. LeDonne, meanwhile, maintained that any misstatement resulted from confusion or a bad memory and, in any event, was immaterial to the outcome of his case.

After holding an evidentiary hearing, the district court determined that LeDonne had misrepresented his criminal history, and on that basis the court imposed the obstruction-of-justice enhancement. LeDonne's initial denial of any criminal history was the "critical fact" supporting the enhancement. The court concluded that the denial was both "clearly intentional" and that there was "no chance that [LeDonne] simply forgot

he had a criminal history" because LeDonne had "spent years in a federal prison" for his previous conviction. The denial also was material, because LeDonne's history influenced the court's decision about whether he would be released on bond.

The enhancement increased LeDonne's offense level from 31 to 33. This offense level, combined with a criminal history category of III, bumped up the Guidelines range to 168–210 months' imprisonment—slightly higher than the 151–188-month range calculated in the PSR. The court sentenced LeDonne to 168 months' imprisonment followed by one year of supervised release. In doing so, it stated that its evaluation of the 18 U.S.C. § 3553(a) factors—including the scope and duration of the fraud scheme, LeDonne's history of fraudulent behavior, and the emotional impact on the victims—would lead to the "same sentence even if [the Guidelines] range were different."

On appeal, LeDonne challenges the district court's decision to impose the enhancement for obstruction of justice. He contends, first, that the enhancement was inappropriate because his initial denial of his criminal history was immaterial to the outcome of his case. As he notes, the enhancement applies only when a defendant provides "*materially* false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1 cmt. n.4(H) (emphasis added).

But denying one's criminal record to a probation officer preparing a recommendation for pretrial detention is "most certainly material." *United States v. Owolabi*, 69 F.3d 156, 160, 163 (7th Cir. 1995) (quoting *United States v. Rogers*, 45 F.3d 1141, 1143 (7th Cir. 1995) (upholding enhancement where defendant denied previous bank-fraud conviction)). Misrepresenting one's criminal history to a probation officer preparing a recommendation about pretrial detention falls "squarely" within this guideline. *United States v. Ojo*, 916 F.2d 388, 390, 392–93 (7th Cir. 1990) (upholding enhancement where defendant lied about arrest record). Here, LeDonne denied having any criminal history—despite having multiple previous fraud convictions for which he spent years in federal prison. And though he admitted to the fraud convictions when pressed, he never disclosed his Arizona misdemeanor conviction for disorderly conduct.

Next, LeDonne argues that his denial had no effect on the probation officer's investigation because the officer already knew of the fraud convictions from her pre-interview background check. But whether LeDonne's denial obstructed the investigation is beside the point; the guideline requires only that he "willfully … *attempted* to obstruct or impede, the administration of justice" to impose the enhancement. U.S.S.G. § 3C1.1 (emphasis added). LeDonne may not have succeeded in concealing his criminal history from the probation officer, but he did mislead her and

cause her to expend time and resources to determine his true criminal history. *See Owolabi*, 69 F.3d at 163–64. It is also irrelevant that LeDonne admitted to some of his past fraud convictions when confronted with the information. *See Ojo*, 916 F.2d at 392–93 (upholding enhancement where defendant "withheld information regarding her prior conviction until it was … brought to the attention of the court by the government").

LeDonne also downplays his statements about his criminal history as "likely the result of confusion, mistake, or faulty memory and not a willful attempt[] to obstruct justice." But an intent to obstruct justice can be "inferred from the defendant's conduct." *United States v. Schwanke*, 694 F.3d 894, 897 (7th Cir. 2012). Here, the district court reasonably found that LeDonne's complete denial of his criminal history was "clearly intentional," given the years he spent in prison for prior fraud convictions. The court added that there was "no chance that [LeDonne] simply forgot he had a criminal history." In light of the evidence, that conclusion cannot be clearly erroneous.

For the foregoing reasons, we AFFIRM the judgment.